(\*) PECK *versus* INHABITANTS OF ELLSWORTH.

The statute imposes upon a town no liability for any defect or want of repair in its public roads, so long as they are kept in a condition safe and convenient for travel.

The sections fifty-seven and eighty-nine of R. S., c. 25, entitled "of Ways," are in harmony. They are counterparts to each other.

If, from an omission on the part of a town to keep in repair its culvert under a public road, an injury accrue to the neighboring land from a flowing back of the water, the remedy, if any, against the town, is only at the common law.

When such back-flowing arises from an obstruction placed in the culvert *by a mere wrongdoer*, the town cannot be held liable for the injury either by, statute or the common law.

ON FACTS AGREED.

CASE.

A small brook flowed through a culvert made by the defendants under one of their public highways. The culvert was of ample size to discharge all the water. One Webber erected a stone wall, upon the line of the highway, for one end

of his cellar. He left an aperture in the wall for discharging into the culvert the water of the brook, which ran through the cellar, and he placed in the cellar a timber forty feet in length, intended to constitute there one side of the brook. This timber extended through the aperture in the wall toward the entrance of the culvert. In a freshet, it was moved by the force of the water, down the stream a few feet, so that the lower end of it entered into the culvert. Rubbish and mud soon accumulated, and the water, in its course through the culvert, was thereby obstructed. This obstruction, of which the defendants had seasonable notice, forced the water of the brook back into several of the neighboring grounds, and particularly into the plaintiff's cellar, and injured his goods therein deposited. It is to recover for this injury to his goods, that he brings this action against the town.

*Wiswell*, for the plaintiff.

The defendants do not deny their obligation to keep the highway in repair, nor that they were bound to make a sufficient culvert. It was equally their duty to keep the culvert unobstructed and in repair. This they did not do. They allowed it to be choked up, so as to force back the water upon the plaintiff's goods. Having been seasonably notified of the obstruction without removing it, they are liable to make compensation for the injury sustained by the plaintiff. R. S. c. 25, § § 89 and 57.

It does not follow, from Webber's occupation of the adjoining land, that he was the owner of the soil to the middle of the street. The fee of land, bounded on a street, may be limited to the side lines of the street. *Bangor House* v. *Brown*, 33 Maine, 309.

But admitting that Webber, or some private individual, was the owner of the soil to the middle of the street, it is not easily seen how such ownership would give him any authority to obstruct the culvert of the defendants.

The liability of a town for defects in a highway is not discharged by their permitting individuals, though owners of the fee, to raise the premises above or below the easement

for private purposes, not consistent with the rights of the public. *Bacon* v. *Boston*, 3 Cush. 174.

Whether the obstructions were caused by Webber or not, it would make no difference; in either case the town would be liable. The party injured is not bound to look to the individual who caused the nuisance, but to the town whose duty it is to remove it. *Frost* v. *Inhab'ts of Portland*, 2 Fairf. 271, and cases cited.

It was the duty of the town, however the obstruction might have been caused, to remove it, and keep the way in repair. *Jones* v. *Percival*, 5 Pick. 485.

It is not contended that the plaintiff was in fault, or that there was any negligence on his part, whereby his property was destroyed and injured. The overflow and damage were caused solely by the stick of timber, and the rubbish which had accumulated, and which the defendants suffered to remain in their culvert.

If the brook had been left in its natural state, and no street been built by defendants, it will not be pretended that the overflow and damage would have taken place.

What right had Webber, or any other individual, to obstruct the culvert by contracting the space for the passage of the brook? If he had a right to obstruct the culvert, by making the space smaller, he would have the same right to close up the passage entirely. Should this be done, would it not be the duty of the town to cause a passage to be opened? And if by neglecting to open such passage, an individual should be damaged in his property, would not the town be liable for such damages? The authorities are numerous and uniform, I believe, in making towns responsible to individuals for all damages received by reason of such defects. The person who caused the nuisance may not be known, and if known, may not be responsible. *Snow* v. *Adams*, 1 Cush. 443; *Frost* v. *Portland*, before cited.

*Drinkwater*, for the defendants.

The only interest which the defendants have in the premises, through which the culvert is made, is a right of way

over the same. All other interests not inconsistent with the enjoyment of this right, are in the owner of the soil. *Robbins* v. *Borman,* 1 Pick. 122.

The defendants had no interest in the brook. They could not lawfully change its natural course or obstruct it, but were bound to allow its passage by means of a watercourse or culvert. *Perley* v. *Chandler,* 6 Mass. 454.

Webber being in possession of the land adjoining the highway, is presumed to be the possessor of the soil *ad medium filum viœ.* 2 Greenl. on Ev. § 616 ; *Johnson* v. *Anderson,* 18 Maine, 76.

The brook and soil beneath the highway being private property, or in other words, belonging to Webber, it follows that he had a right to the use of the water, in any manner not inconsistent with the easement of the public, either by obstructing the brook or changing its course ; and it is immaterial whether he does this *within* or *without* the limits of the highway.

The case finds, that Webber did obstruct the passage of this brook, but it nowhere appears, that he, in the least, interfered with or incommoded any right of way pertaining to the public. The *road* was safe and convenient, and that is all that the law required of the town.

True, Webber may not have designedly obstructed the brook, but so far as the liability of the defendants is concerned, it can make no difference whether his acts were intentional or negligent.

Had there been no road of defendants here, Webber would of course have a right to the use of the water, being responsible for any damage he might cause to plaintiff. Now can the locating of defendants' way, give to the plaintiff any new rights ? If Webber's right to the use of the water remains, after a way has been located, and if he causes damage, shall defendants suffer for his acts in doing what he had a right to do ?

Again, the case nowhere finds that the obstructions and consequent damage were caused by the insufficiency of the defendants' culvert alone. To entitle the plaintiff to recover,

Peck v. Ellsworth.

the case should find that it was the culvert alone and of itself' which created the obstruction and the damage.

According to the statement of facts, the culvert was abundantly large and sufficient to vent all the water which would naturally run in the brook; if so, the defendants are not liable unless the culvert not only was obstructed, but itself produced or aided in producing the obstruction.

The defendants were not bound to make a wider or deeper channel for the brook than nature had done, and if it became obstructed within its limits or would have been obstructed, had no culvert been there, the defendants are not chargeable.

The defendants had no right to interfere with Webber, so long as he did not by his acts injure their highway, and they should not be made responsible for his acts which were injurious to others. Suppose Webber had dammed the brook below the road and thus caused the water to flow back through the culvert into plaintiff's cellar, will it be contended that defendants would be answerable? But what difference can it make, whether Webber chose to build his dam at the lower or upper end of the culvert?

The 89th and 57th sects. of the 25th chapter of the R. S. obviously refer to damage sustained by travelers within the limits of highways, and the remedy referred to in the 89th sect. is not given for other damages occurring out of the highway.

For consequential damages thus arising, no action lies against the town. *Green* v. *Portland,* 32 Maine, 431.

This road was all that is required by the 57th section of said chapter, "safe and convenient for travelers, and their horses, teams, carts and carriages." Consequently no indictment would lie against it, and if no indictment would lie, then no action for damage. *Merrill* v. *Hampden,* 26 Maine, 234.

SHEPLEY, C. J. — It is contended, that the culvert, in which the free flow of the water was obstructed, occasioning it to flow into the plaintiff's cellar, constituted a part of the high-

way; and that the defendants, as the owners of that highway, are liable for the damage thus occasioned by the water, by the provisions of the statute, c. 25, § 89.

Such a construction of that section must be made, that when considered in connexion with the fifty-seventh section, they may be in harmony, as they were clearly intended to be, with each other and counterparts of the same enactment. The latter section requires the ways named to be kept in repair, so that they may be safe and convenient for travel. When the former section provides for the recovery of damage 'suffered " through any defect or want of repair" of the ways; the meaning is, when he shall suffer it, through any defect or want of repair, that will prevent the way from being safe and convenient for travel.. It was ·not intended to render towns liable in that mode for damages occasioned by the construction of ways or bridges, which were in a safe and convenient condition for travel. Nor for damages occasioned by any subsequent defect or want of repair, while the ways continued to be safe and convenient for travel. Towns are made liable for injuries by the statute, only to the extent of its provisions. *Reed* v. *Belfast*, 20 Maine, 246. The present case is not embraced by those provisions.

Towns may by the common law be liable for injuries occasioned by their acts, under such circumstances as would render an individual liable, if he had performed the acts. *Thayer* v. *Boston*, 19 Pick. 511. To render towns liable in such cases, the injury must be occasioned by the fault either in acts or neglects of the corporations. *Green* v. *Portland*, 32 Maine, 431. In this case the injury does not appear to have been so occasioned.                                    *Plaintiff nonsuit.*

TENNEY, RICE, HATHAWAY and APPLETON, J. J., concurred.