DAVID L. ALLEN, Plaintiff in Error, *v*. THE CITY OF DECATUR, Defendant in Error.

ERROR TO MACON.

An action of trespass will lie against a municipal corporation.

THIS was an action of trespass brought to Macon Circuit Court, against the City of Decatur.

The declaration alleges a trespass by defendant upon plaintiff's close, to wit: lots one, five, north half of six, and other lots by number, in David L. Allen's addition of out-lots to Decatur, etc.

Plea, not guilty.

Trial by jury; verdict for defendant. Motion for new trial overruled, and exception by plaintiff.

J. B. R. Sherrick surveyed and plotted Allen's addition. Plain-

tiff was present and giving directions as to survey. The ground is unenclosed, covered with growth and small timber. Lots of value of $150 or $200 each.

Plaintiff then read council proceedings of 16th March, 1857, to wit:

*Resolved,* That supervisor be ordered to open South Main street, to south edge of city, so that it will be passable for common travel, on the survey by commissioners of County Court.

A witness testified that, as city supervisor, he entered the premises with hands, under the order of the council, and opened street, cutting brush, making cuts and fills, putting in culverts, etc.; that the council paid him and his hands; that while so engaged, plaintiff came to him and objected to his working there.

Defendant proved that the value of the lots were enhanced about one-half by opening the street; that this estimate was upon the supposition that there was a legal street, and that after said street was opened, plaintiff stated to them that the same was a benefit to the property, and requested them so to testify in the Circuit Court, in a suit then pending against him on account of the opening of said street.

The court, EMERSON, Judge, refused to give for plaintiff the following instruction, to wit:

If they believe, from the evidence, that the plaintiff was in possession of the premises described in his declaration, and that, being so in possession, the city council of the city of Decatur, by resolution or ordinance, ordered and directed the city supervisor of said city, to open South Main street, so as to make the same passable for teams to the city limits, without authority of law, and that said supervisor, in pursuance of said order, entered upon the premises, and cut timber, etc., between 1st September, 1857, and 19th May, 1859, and that afterwards, the said city council affirmed and approved the action of supervisor in so doing, then the plaintiff is entitled to recover, etc.

To which refusal, plaintiff excepted.

The court then gave for defendant the following instructions:

First. That in order to sustain an action of trespass to real property, the plaintiff must show, by proof, that he was in actual possession of the premises at the time the trespasses were committed, and that in case of open and unoccupied land, possession must be open and public. That if plaintiff relies upon his being the owner of the property, then he must prove his title by introduction of title papers or records of the same; and nothing short of that would be sufficient.

Second. If the jury believe, from the evidence, that the plaintiff affirmed and ratified the opening of the street after the same had been done, that would preclude him from afterwards suing

the city in an action of trespass for opening the street, and in that case, the jury should find for the defendant.

To which plaintiff excepted.

The jury rendered a verdict for defendant.

The errors assigned are: that the court erred in not admitting as evidence the statement of plaintiff, as to his possession and ownership of premises, made at the time they were being surveyed. The court erred in refusing to give the instruction asked by plaintiff; in the instructions given for defendant; in overruling plaintiff's motion for a new trial; and, in entering judgment against plaintiff for costs.

TUPPER & NELSON, for Plaintiff in Error.

A. B. BUNN, for Defendant in Error.

CATON, C. J.   We shall, in this opinion, devote our attention to the principal question which has been argued in the case, which is, whether a municipal corporation can be sued in an action of trespass, for acts done in obedience to an order of the corporation. The law is now so well settled, that it is nowhere controverted that such corporations may be sued, in *case,* for tortious acts done under the instructions of such corporations. Where a corporation opens a street or a sewer, in such way as to injure my property, it becomes a tort feasor, and as such, shall respond to me in damages. But it is denied that, if the act of the corporation does a direct, instead of a consequential injury, it is liable for the wrong. We confess ourselves unable to appreciate any reason for this distinction, and we have been referred to no authority in support of it. The act complained of in this case was the opening of a street across the plaintiff's land. The injury was direct, and the party must seek his remedy in trespass only, either against the corporation or against its servants, or the officers of the corporation who ordered the act to be done, in their individual capacity. It was once held, that a corporation could not commit a wrong, and if a wrong was committed by the officers of a corporation, in the exercise of corporate functions, it was the act of the individuals and not of the corporation, because the charter of the corporation did not authorize it to commit a wrong, and hence it could not be guilty of one ; but this doctrine has been long since exploded, and municipal corporations have long since been held even liable to indictment for malfeasance as well as nonfeasance, as for a nuisance. If a corporation is liable for one form of tort, there is no reason why it should not be liable for a tort of another kind, simply because, by the technical forms of law,

the action which must be brought to recover the damages is called by a different name.

It is now the admitted law, that trespass may be maintained against a private corporation, as a railroad, and the like. Then why not against municipal corporations? If the answer be, that they are established for governmental purposes alone, and exercise a part of the sovereign power of the State, and are instituted only for the public good, and hence they must be protected by the immunities which are thrown around larger governmental corporations, as the State itself, we see at once that the reasoning would protect them as well from incidental injuries, resulting from wrongful acts, as from direct injuries, and that they should not be sued either in trespass or case. We perceive no reason which should exempt them from one form of action, which should not equally protect them from the other. But even states and empires are held responsible for the wrongful acts committed by their governments, or by their authorized officers, in the names of their governments. They may not, it is true, be sued in courts of justice for the injuries which they commit, because of their sovereignty, but their responsibility is none the less acknowledged, and it is enforced, too, by other nations—their peers, who, or whose subjects, have sustained the injury. Governmental corporations then, from the highest to the lowest, can commit wrongful acts through their authorized agents, for which they are responsible; and the only question is, how that responsibility shall be enforced. The obvious answer is, in courts of justice, where, by the law, they can be sued. This corporation, it must be admitted, is subject to be sued, to enforce its liabilities, and it is reduced to the simple question, whether it can only be sued in particular forms of action, or rather, whether it is exempted from this particular form of action, for its liability in all other forms is not denied. We can see no reason or propriety in making this particular exception. If it had committed a lesser tort, so that the injury was indirect and consequential, it would be liable, in an action on the case, and we will not say that it is not liable for a greater wrong, producing a direct injury, for which, by the mere forms of proceeding, the party is required to seek his remedy in an action of trespass. There is no reason and no propriety in such a distinction, and the wisdom of the law cannot recognize it.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*