# Frank Wolf *et al.*

## *v.*

## Catherina Boettcher.

1. Trespass de bonis asportatis—*when a natural person is liable to the action.* Where a natural person is plaintiff in an execution, and the goods and chattels of a person other than the defendant in the execution are seized and sold under it, the plaintiff in the execution is not liable to an action of trespass *de bonis asportatis* by such person, unless he interfered with the levy or assented to what had been done by the officer.

2. It is a general rule that when a sheriff or constable makes himself liable as a trespasser, in the execution of a writ, all who direct, request, advise, aid or abet, are joint trespassers with him, and responsible for all damages.

3. If a person sue out an execution, and give a bond of indemnity to the sheriff to induce him to sell the goods of another, this is a sufficient interference to subject him to an action. So, also, if he adopt the acts of the officer by receiving the goods or money.

4. SAME—*of the intent.* In such action, no question of intent is involved.

5. SAME—*liability of a township to the action.* A town, organized under the township organization laws of this State, having an execution in its favor against A, can make itself liable for the taking of the goods of B, under the execution, in any of the ways by which a natural person may render himself liable for such a trespass.

6. Although it was once doubted whether an action of trespass or trover, or an action on the case for malfeasance, would lie against a corporation, it is now well settled in England, as well as in this State and New York, that such an action may be maintained against corporations, as well as actions on the case for non-feasance.

7. PRESUMPTION. It is a general intendment of the law that every writ or process is purchased by the party in whose favor it issues.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. LEAMING & THOMPSON, for the appellants.

Mr. CONSIDER H. WILLETT, and Mr. JAMES W. BEACH, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action of trespass *de bonis asportatis,* by appellee, against Frank Wolf and the town of Jefferson. In the summons, the name of the town was, The People of the Town of Jefferson; but the writ was served upon the town of Jefferson by service upon the supervisor of that town, according to statute. There was no plea in abatement, but the defendant appeared in its proper name of the Town of Jefferson,

filed a plea of not guilty, also a special plea of justification, setting up an execution upon a justice's judgment, recovered by said town of Jefferson against Frederick Boettcher, which was delivered to the defendant, Wolf, as constable of said town, to be executed, averring that the goods and chattels in the declaration mentioned were the property of the said Frederick, and as such, liable to said execution, by virtue of which they were seized and taken to satisfy said execution. The averment of the property being in said Frederick Boettcher, was traversed, and issue being joined, the cause was tried before the court and a jury. Verdict was rendered against the defendants, which the court refuse to set aside on motion, and judgment for plaintiff, from which the defendants appealed to this court.

The bill of exceptions does not purport to contain all the evidence given at the trial. But it is insisted, on the part of appellants, that, notwithstanding that circumstance, it was error to overrule their motion for a new trial, because the town of Jefferson being a municipal corporation, it could under no circumstances be held jointly liable in trespass with the constable for seizing and selling appellee's goods and chattels under an execution in its favor against another person.

If, instead of the town, a natural person had been plaintiff in the execution, and the goods and chattels of appellee seized and sold under it as was done, no action would lie against such natural person, unless he interfered with the levy or assented to what had been done by the constable. 1 Chit. Pl. 80; *Averill* v. *Williams,* 1 Denio R. 501.

This case has been loosely managed from the beginning. So far as the evidence goes, which is contained in the bill of exceptions, there is none tending to show any interference with the levy or assent to what was done by the officer, on the part of the town. The property of appellee was seized and sold, and the constable was on the stand as a witness, but was not asked whether he had any bond of indemnity from the

town, or whether he paid over the proceeds of the sale, and they were received by it.

If, however, the town, as a municipal corporation, was capable of making itself liable in any manner, then, inasmuch as the bill of exceptions does not purport to contain all the evidence, we are bound to presume that sufficient competent evidence was introduced to sustain the verdict.

. Before entering into the inquiry as to the capacity of the town in this behalf, we will show how and to what extent a natural person, being plaintiff in an execution, may be made liable jointly with the officer.

It is a general rule that when a sheriff or constable makes himself liable as a trespasser in the execution of a writ, all who direct, request, advise, aid or abet, are joint trespassers with him, and responsible for all the damages. If a person sue out execution, and give a bond of indemnity to the sheriff to induce him to sell the goods of another, this is a sufficient interference to subject him to an action. So, also, if he adopt the acts of the sheriff by receiving the goods or money. 1 Chit. Pl. 80; *Herring* v. *Hoppock,* 3 Duer, 20 S. C.; 15 New York R. 409 ; *Davis* v. *Newkirk,* 5 Denio R. 92.

There was no evidence in the bill of exceptions that the town directed the execution to be issued, but it is a general intendment of the law that every writ or process is purchased by the party in whose favor it issues.

We are now brought directly to the question whether a town, organized under the township organization laws of this State, having an execution in its favor against A, can make itself liable in any of the ways pointed out by taking the goods of B.

In trespass *de bonis asportatis,* no question of intent is involved.

Although it was once doubted whether an action of trespass or trover, or an action on the case for malfeasance, would lie against a corporation, it is now well settled in England, as well as in this State and New York, that such an action may

be maintained against corporations, as well as actions on the case for non-feasance. *The St. Louis, Alton and Chicago R. R. Co.* v. *Dalby,* 19 Ill. 353; *The Mayor, etc., of New York* v. *Bailey,* 2 Denio R. 439, and cases there cited.

Among the enumerated powers given to towns under the township laws, is that the electors of each town shall have the power, at their annual meetings, to direct the institution or defense of suits at law or in equity in all controversies where such town shall be interested. 2 Purp. Stat. 1137.

Then, under article 13 of the same act (2 Purp. Stat. 1144), it is declared that "whenever any controversy or cause of action shall exist between any towns of this State, and between any town or individual, or corporation, such proceedings shall be had either at law or equity, for the purpose of trying and finally settling such controversy; and the same shall be conducted in the same manner, and the judgment or decree therein shall have the like effect, as in other suits or proceedings of a similar kind between individuals and corporations."

It is manifest, from these and other provisions of the act, that the towns have the power to exercise the same control and do the same acts, for the enforcement of claims against individuals, as a natural person has.

The time fixed by law for holding annual town meetings is the first Tuesday of April in each year. We are to presume that one was held in this town. The judgment on which the execution issued was recovered on the 13th of May, 1870, and the execution placed in the hands of the constable the 21st, same month. What was the basis of the judgment, does not appear, nor is it material. The property taken had for some time before been, and still was, in the possession of the defendant in that execution, who was the husband of appellee, and treated by him as his own property, although appellee claimed it as hers. They lived in that town. Now it may well be, under these circumstances, that the electors of the town, at their annual meeting in April, had directed the institution of the suit against Frederick Boettcher; also a levy

upon this very property, in case judgment was recovered, and provided for indemnifying the officer. It would have been within the scope of the powers of the town to do so. If so, we are to presume that it was done, and competent evidence given of it upon the trial. Such evidence would sustain the verdict.

The case is within the principle of *Allen* v. *The City of Decatur*, 23 Ill. 332, which holds that a municipal corporation may be held liable for trespass; and the judgment must be affirmed.

*Judgment affirmed.*