JOHN D. DEVELING *et al. v.* HENRY H. SHELDON,

and

SAME *v.* SAMUEL B. WALTON.

1. TRESPASS—*liability of accessory.* All who direct, request, advise, aid or abet in the commission of an unlawful act against the person of another, as, in procuring his unlawful arrest, are to be regarded as guilty of the trespass, and responsible for all the damages.

2. SAME—*illegal arrest and imprisonment.* If a party is arrested and imprisoned under void process, all persons who aid in procuring the arrest,

by making the affidavit for the writ or otherwise, or who direct, advise or abet the same, will be liable in damages to the injured person.

3. ACCESSORY—*sufficiency of proof.* A member of a committee who have counseled and advised an arrest to be made which is illegal, can not be held liable in trespass unless it is shown he acted with them. The mere fact of his being a member does not make him guilty of their unlawful acts.

4. EXCESSIVE DAMAGES—*illegal arrest.* In trespass for an illegal arrest and imprisonment, where the plaintiff suffered no personal injury, and was detained from his business only a few days, and the expenses incurred in his defense did not exceed $50, and there were no aggravating circumstances, $500 was regarded as excessive damages.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. A. E. HARDING, and Mr. L. E. PAYSON, for the appellants.

Mr. C. R. STARR, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of trespass, brought by Henry H. Sheldon against John D. Develing, Joseph Haigh, H. Huckins and Joseph Trescott, to recover damages for an unlawful arrest and imprisonment, alleged to have been instigated by the defendants. A trial of the cause before a jury resulted in a verdict and judgment in favor of the plaintiff for $500, to reverse which this appeal was taken.

It is not claimed that there is error in the instructions or in the decision of the court in the admission of evidence, but it is urged the evidence was not sufficient to warrant a verdict of guilty against the defendants, or either of them, and that the damages are excessive.

It appears, from the record, that an election had been called in the town of Chebanse, in the county of Iroquois, to be held on the 25th day of June, 1870, for the voters of the township to vote upon the question of a subscription of $30,000 to the capital stock of the Muscatine and Kewanee Railroad Company. An injunction was obtained, and on the morning of the election served upon the judges (of whom appellee was one) and

clerks, enjoining them from holding the election; but the injunction was disregarded, and the election was held. On the 11th day of July, 1870, the defendants, with the exception of Trescott, appeared before the judge of the circuit court, at his chambers in Onarga, and made an affidavit that the injunction had been served but disobeyed by the plaintiff and others. Upon this affidavit the judge issued an attachment for contempt, upon which the plaintiff was arrested, and subsequently a fine of $20 and costs was imposed upon him and the others who had disobeyed the writ, but upon an appeal to this court it was held that the injunction was void, and the court had no power to punish the defendants for a disobedience to a void writ. See *Walton* v. *Develing et al.* 61 Ill. 202.

In a case of this character, we understand the rule to be well settled, that all who direct, request, advise, aid or abet in the commission of the wrongful act, are to be regarded as guilty of the trespass.

In *Wolf* v. *Boettcher*, 64 Ill. 316, it was said: "It is a general rule, that where a sheriff makes himself liable as trespasser in the execution of a writ, all who direct, request, aid or abet, are joint trespassers with him, and responsible for all the damages. If a person sue out an execution and give a bond of indemnity to the sheriff to induce him to sell the goods of another, this is a sufficient interference to subject him to an action. So, also, if he adopts the acts of the sheriff by receiving the goods or money."

In *Johnson* v. *Von Kettler*, 66 Ill. 63, which was an action of trespass for an unlawful arrest and imprisonment against a party who had filed an affidavit in the county court, under which a writ was issued and the arrest made, it was held, if the court had jurisdiction to commit, although it may have proceeded irregularly, the defendant might justify under the order of the court; but if there was a want of jurisdiction, then all persons who assisted in procuring the illegal arrest would be liable in trespass for such damages as had been sustained.

The only question to be determined, then, is, whether the

evidence introduced on the trial brings the defendants within the rule here announced.

As to the defendant Develing, we apprehend there can be no question as to his planning and advising the arrest. A short time previous to going to the judge to obtain the writ, he wrote the sheriff of the county a confidential letter, as follows:

*"Confidential.*

"CHEBANSE, *July* 6, 1870.

" SOUTH, Sheriff:

" Dear Sir—We have made an arrangement with Mr. Potter to go with us to Onarga next Monday, on the noon train, to attend to the Cliftonites. We need your presence with us at Onarga, and request you to be there if possible, but if you can not be there, please inform me what time you can make it convenient to go. We prefer to have you in person and not a deputy. You will please get all the papers, bill of complaint, writs, etc. Also a blank bill and writ, and take with you. We request you to keep this matter strictly to yourself, and request the county clerk to do the same. I wrote the judge to be at home next Monday, and that we would be with him on that day to look after the injunction matter. Please reply at once, to let me know if we can depend on your being at Onarga, as stated.

" Very respectfully,    J. D. DEVELING."

On the appointed day, he, in company with Haigh and Huckins, appears before the judge; the facts are stated on affidavit filed, and the writ issues. It is true, the letter does not directly disclose the true object of the visit, but from what followed there can be no doubt as to the true intent. If he did not intend to obtain a writ, why was the sheriff needed with blanks? Why was an attorney called upon and taken with them? It would be a strange coincidence that three of the defendants, their attorney and the sheriff, should all go to the residence of the judge at the same time, unless there was a well defined purpose.

In regard to the defendants Haigh and Huckins, they made the affidavit under which the writ upon which the plaintiff

was arrested issued, but it is contended that they made the affidavit for the purpose of placing the facts in the chancery case before Judge Wood, and that they had no intention of causing a writ to issue, and did not know of the issuing of the writ until it was made out. It is true, they so testify, but there was other evidence introduced which tends to show they were aware of the object of the affidavits. The sheriff testified that they, with the others, arranged for the arrest on the 19th, and in the affidavit of Mr. Haigh we find the remarkable statement that the election was held "in contempt of the said injunction."

Under these additional facts, the rule announced in *Roth* v. *Smith*, 41 Ill. 314, can have no application here.

. The motives of men are often to be determined from their acts, and when these defendants went sixteen or seventeen miles before the judge, and made an affidavit under which the arrest was made, and arranged with the sheriff in regard to the time when the arrest would be made, to say they were not aware of the object or purpose of the affidavit which they had made is so unreasonable, we are not surprised that a jury of intelligent men would refuse to sanction or adopt so inconsistent a theory.

This brings us to the consideration of the testimony in regard to the defendant Trescott. The evidence relied upon to sustain the verdict as to him is, first, that he was a member of a committee appointed by certain citizens of the township before the election, to defeat the vote in favor of subscription; and, second, that during the trial of the contempt case, he filed an affidavit in regard to the injunction which had been issued.

It is true, the defendant was a member of the committee, but we find no evidence in the record tending to show that he, as a member of the committee or otherwise, advised or in any manner counseled or assisted in the arrest of the plaintiff. He was not present when the warrant issued, and had no knowledge of its existence until the arrest was made. The mere fact that he was a member of the committee is not sufficient. If this committee counseled and advised the arrest, unless he acted with them he can not be bound by their unlawful acts.

The committee was not appointed for the purpose of making arrests, but, as we understand from the evidence, it was appointed by the citizens to take such measures as were deemed advisable to defeat the proposition to be voted upon at the polls.   The defendant may, therefore, have been a member of the committee, and acted with them before the election, and taken no steps with them thereafter.

In regard to the affidavit, in the proceedings before the judge on the 29th, the defendant, as well as many others, were present when the counsel for the defendants in that proceeding was making his closing argument.   He made a certain statement in regard to the issuing of the injunction, which tended to reflect upon the motives of the defendant.   In order to refute this statement, he filed an affidavit.   That affidavit, however, had no bearing on the arrest or the proceedings before the judge in regard to the contempt.

This is the substance of the evidence upon which the defendant Trescott was found guilty, and we do not regard it as sufficient to authorize a judgment against him.

It is also urged by the defendants that the damages are excessive.   The plaintiff, as appears from the evidence, on account of the arrest was detained from his business a few days, and paid out a small sum of money, not exceeding, however, $50, in his defense.

In an action of this character, unless there are circumstances of aggravation which would call for vindictive damages, the recovery should be confined to the actual injury.   But, conceding that vindictive damages may be allowed in the case, the judgment is much larger than the facts and circumstances would warrant.

We are, therefore, of opinion, as the damages are excessive and the evidence is insufficient to establish the guilt of the defendant Trescott, the judgment must be reversed and the cause remanded.   The same order will be entered in Samuel B. Walton against these same defendants, as that case was heard with this one, and they involve the same questions.

*Judgment reversed.*