SUSAN DONNELLY vs. BENJAMIN TRIPP, City Treasurer of the City of Providence.

The city council of Providence directed the highway commissioners to cut down a certain street to grade, provided the adjoining owners agreed not to make any claim for damages. By inadvertence the cutting was done without the specified agreement on the part of one owner. In an action for damages brought by this owner against the city:
*Held,* that the city was not liable.
A municipal corporation is not liable for the acts of its officers though done under color of authority, unless such acts were expressly authorized or ratified or done in good faith pursuant to some general authority given.

TRESPASS *quare clausum.* Heard by the court, jury trial being waived.

*March* 9, 1878. MATTESON, J. This is an action of trespass to recover damages from the city of Providence, for the acts of its highway commissioners.

The plaintiff is the owner of an estate situated on the northeasterly corner of Howard and Hill Streets, in Providence. Howard Street, though called a street, and platted as such, is merely a private way. By a resolution of the city council approved January 26, 1874, the highway commissioners were directed to cause Howard Street, with others, to be brought to the established grade, provided the adjoining property owners should agree not to claim any damages resulting from the grading. Acting under this resolution, and erroneously supposing that all of the adjoining property owners had signed a written agreement to make no claim for damages, as provided in the resolution, the highway commissioners entered upon and cut down Howard Street nearly to the established grade, and in front of the plaintiff's estate, to the depth of about fourteen feet. This cutting down of the street has rendered the plaintiff's estate inconvenient and difficult of access, and made necessary a considerable expenditure to adapt it to the grade. The plaintiff had not signed and was not asked to sign the written agreement. Nor did she ever agree to make no claim for damages. Her mother was in the occupation of the estate and signed the agreement: These circumstances doubtless led the commissioners to believe that the plaintiff's mother owned the property.

It was conceded at the hearing that the commissioners had no authority to do the acts complained of, and there was no evidence

of any ratification of those acts, either by the city council or the city. The sole question for determination, therefore, is whether, in the absence of such authority or ratification, the plaintiff can recover from the city for the injuries to her estate. We think not. A municipal corporation is not liable for the acts of its officers, though done under color of authority, unless such acts were expressly authorized or subsequently ratified by the corporation or its government, or were done in good faith in pursuance of a general authority to act for the corporation in the matter to which they relate. *Thayer* v. *Boston*, 19 Pick. 511, 516; *Perley* v. *Georgetown*, 7 Gray, 464; *Hildreth* v. *Lowell*, 11 Gray, 345, 349; *Lee* v. *Sandy Hill*, 40 N. Y. 442, 449; *Boom* v. *Utica*, 2 Barb. S. C. 104, 108; *Peck* v. *Ellsworth*, 36 Me. 393, 398; *Sheldon* v. *Kalamazoo*, 24 Mich. 383; *Allen* v. *Decatur*, 23 Ill. 332, 334; *Soulard* v. *St. Louis*, 36 Mo. 546, 553; *McGary* v. *Lafayette*, 4 La. An. 440; *Wilde* v. *New Orleans*, 12 La. An. 15. Judgment must therefore be for the defendant; but as the case comes up on appeal and we have power to award or refuse costs, in our discretion, Gen. Stat. R. I. cap. 206, § 5, and as the authority of the city council to pass the resolution referred to, so far as it relates to private ways, is questionable, let the judgment be without costs.

*Judgment for defendant. No costs.*

*Charles H. Parkhurst,* for plaintiff.

*Nicholas Van Slyck,* City Solicitor, for defendant.