## JOSEPH DINET
### v.
## ALEXANDER EILERT.

1. ESTOPPEL.—It is essential to an estoppel that it be mutual, so that the same parties or privies may be bound by and take advantage of it.

2. ESTOPPEL IN PAIS.—Where one party was not induced by the acts of th·other party to alter his situation in any respect, the doctrine of estoppel *in pais* does not apply.

3. APPLICATION OF DOCTRINE TO CASE AT BAR.—Appellant was the owneι of the gr·und on which the buildings in question, an erection by a former tenant, stood, and on August 4, 1880, caused a distress warrant against one Schmidt, to be levied upon the building and property therein. August 6, 1880, Glanz, who cla med the property under a chattel mortgage from Schmidt, sold the property under the mortgage and it was purchased by appellant. *Held*, that appellant, by the levy of his distress against Sch nidt, was not estopped to show that the property was not in fact Schmidt's at the time he gave the mortgage.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed January 26, 1882.

This was an action of trover by appellee Eilert, brought September 4, 1880; and as the case stood at the time of the trial below, it was against appellant Dinet, and Conrad L. Nie-hoff as defendants, who had appeared by separate attorneys, and severally filed the plea of not guilty. The case set out in the declaration was for the wrongful conversion by the defendants of a two-story frame house, and engine and boiler therein contained, the personal goods of the plaintiff. On the trial below, the plaintiff, to prove his interest in the property in question, gave in evidence a chattel mortgage, bearing date April 30, 1880, purporting to have been made and acknowledged on that day, by one Charles Schmidt to Louis Glanz, covering said property, to secure the payment of a promissory note of the mortgagor, of even date, for five hundred dollars, payable in one year from date, with interest at the rate of eight per cent. per annum, payable semi-annually. The mortgage

contained the usual insecurity clause, and was filed for record in the recorder's office of Cook county, July 13th, 1880. The plaintiff gave evidence that August 6th, 1880, Glanz, the mortgagee, caused said property to be sold at public auction, under his mortgage, and plaintiff became the purchaser, receiving a bill of sale of the same from Glanz. Plaintiff gave evidence that August 4, 1880, the defendant Dinet, who it was admitted was the owner of the ground on which said house stood, issued to a constable a distress warrant against the goods and chattels of said Schmidt, for one hundred and ninety nine $\frac{47}{100}$ dollars, as so much rent due him July 1st, 1880, for said premises, which the constable levied, amongst other property, on said house, engine and boiler; also, that on said 6th of August an attachment issued by a justice of the peace, at the suit of Niehoff, against the goods, etc., of said Schmidt, for an indebtedness of the latter to the former of $114.07, was levied on said house and engine, in which case judgment was entered September 27, 1880. September 10, 1880, special execution was issued on what was recited to be a judgment in favor of Dinet in his distress proceedings, and a sale took place after the commencement of this present suit in trover. Aside from the above facts, there was no competent evidence of any facts tending to show that said Charles Schmidt had any property or right of property in or to said house at the time of giving the mortgage to Glanz. Evidence was given by the defendant Dinet, tending to show that said house was erected in 1873, by one Dreschler, as his tenant, but that the same did not become the personal property of Dreschler; and this evidence is uncontradicted.

The counsel for Dinet asked the court to give to the jury the following instructions:

"The law presumes a house built by consent on the lot of another is part of the realty. If, therefore, the jury believe from the evidence in this case, that the house and engine in controversy were erected by one Dreschler, under license of the defendant Dinet, he being the admitted owner of the land, without conditions for removal; that it stood on the land for about seven years continuously; and plaintiff has shown no

title to the same from Dreschler or Dinet, then the mortgage in this case is void as to Dinet or Dreschler."

"A person cannot mortgage the property of another, and a purchaser under such mortgage takes no title."

"A person cannot lawfully mortgage chattels to which he has no right, and mortgagee of such property is in no better position than the mortgagor."

The court, refusing the above and all instructions asked by either of the defendants, of his own motion, gave the following, amongst others: "The jury are, then, first to find from the evidence whether Eilert had the title to the property, and the right to remove it, bearing in mind that the admitted fact that Dinet was the owner of the land, carries with it the presumption that he also owned the property in suit, and before the plaintiff can recover against anybody, he must by evidence overcome that presumption. If he does not, he fails in his suit. Evidence that the *defendants have caused the property to be levied upon under attachment,* before a justice, or distress warrant, if such is the fact, or, that Dinet has made any statements implying that the property in suit was the property of Schmidt, if such is the fact, tend to rebut the presumption that the property in suit belonged to Dinet." To the refusal to give the instructions asked, and the giving the above, the defendant Dinet excepted.

The jury found the defendants guilty, and assessed plaintiff's damages at $800.

Messrs. Forrester & Felsenthal, for appellant; that fixtures erected by the tenant must be removed before he quits the premises, or they will become part of the realty, cited Poole's Case, 1 Salk. 368.

By express agreement, such fixtures may be removed by the tenant: Dooley v. Crist, 25 Ill. 457.

As to the lien of a landlord: O'Hara v. Jones, 41 Ill. 288.

Before taking possession of property under the insecurity clause in a chattel mortgage, the mortgagee must have a reasonable apprehension of insecurity: Furlong v. Cox, 77 Ill. 293.

The custodian appointed by the mortgagee must continue in

the possession of the property from the time of the seizure to sale: Dorland v. Bradley, 66 Ill. 412.

Messrs. JUSSEN & ANDERSON, for appellee; that taking the keys of the building containing the property, making fast the doors, and posting notices of the sale, is a sufficient taking possession, cited Richardson v. Rarden, 88 Ill. 124; Harris v. Evans, 81 Ill. 419; Froth v. Parsley, 82 Ill. 157.

McALLISTER, J.    To maintain his action, it was incumbent upon the plaintiff below to show, by a preponderance of evidence, that he had an absolute or special property in the house, boiler and engine, and the actual possession or the immediate right to it at the time of the alleged conversion by the defendants.    Eisendrath et al. v. Knauer, et al. 64 Ill. 316; Forth v. Pursley, 82 Ill. 152.

The plaintiff sought to show his right of property and of possession in and to the subject matter in question by becoming the purchaser of the same, at a sale thereof by one Glanz, under a chattel mortgage purporting to have been given to him upon the property, by one Charles Schmidt, April 30, 1880, to secure Schmidt's note of five hundred dollars and interest, payable in one year from that date; such sale occurring August 6, 1880.

It was admitted on the trial that the land whereon the house in question stood, was during the transactions involved, owned by the defendant Dinet.    It appeared also that the house was erected in 1873, by one Dreschler, who at that time was the tenant of Dinet under a parol lease.    But there was no evidence tending to show that the building was to be personal property, if not removed by Dreschler before he quit the possession of the premises.    He had quit the possession, but at what time does not appear, nor is there any evidence of any contract or arrangement between Schmidt and Dreschler, or between him and Dinet, by which the former acquired any property interest in such building, which would authorize him to sever it from the realty or confer any such right upon another.

The house being on Dinet's land, was *prima facie* evidence that it was his property.    Chatterton v. Saul, 16 Ill. 149; Ogden v. Stock, 34 Ill. 522; Ewell on Fixtures, 166 *et seq.*

The plaintiff was therefore subject to the burden of overcoming that *prima facie* case by evidence sufficient to rebut it. To do so, he introduced evidence to the effect that August 4, 1880, Dinet issued his distress warrant to a constable, authorizing him to distrain upon the goods, etc., of said Charles Schmidt, liable to distress, to satisfy him for $199.47, rent due July 1, 1880, from Schmidt to him, of the same premises. The constable, whether by Dinet's directions or not does not appear, levied that warrant upon the property in question, as Schmidt's property; and, after the bringing of this present suit, it seems that a justice of the peace issued an order or special execution, for the sale of the property in question, and that it was sold, as appears from the evidence. Appellee's counsel claim that Dinet is by such proceedings estopped to show that Schmidt in fact had no title to the property. The plaintiff below undertook to give these proceedings in evidence, as showing Dinet estopped thereby. We are of opinion that they do not show ground for holding Dinet as estopped thereby as *res judicata*. (1) The judgment itself was not introduced. (2) The matters introduced failed to show the court had jurisdiction of Schmidt s person. There was no service of summons or recital of service. There was no constructive service shown, because there was no affidavit under section 19 (R. S. 1874, p. 666). (3) The right of Schmidt to the property was not in issue, and was not adjudicated in that proceeding. In order that the judgment operate as *res judicata*, it is essential that the court have jurisdiction of the person and subject matter. Bigelow on Estoppels, p. 13, *et. seq.* It is also essential to an estoppel that it be mutual. So that the same parties are privies might be bound by, and take advantage of it. Bigelow on Estoppel, 47.

The plaintiff in this action of trover was not a party to the distress proceedings; neither is he in any sense a privy to the judgment, if valid.

The doctrine of estoppel *in pais* will not apply, because it is not pretended that the plaintiff was induced by the proceeding on the part of Dinet to alter his situation in any respect. So that the whole matter is reduced to the question

Dinet v. Eilert.

whether Dinet, by causing his distress warrant to be levied on the property in question on the 6th of August as Schmidt's property, is thereby estopped to show that it was not his property; or to be more accurate, estopped to show that it was not his property when he gave the mortgage to Glanz, April 30, 1880. Counsel have furnished us no aid in the investigation. But from the examination we have been able to give to the question, we find that the courts have not carried the doctrine of estoppel to that extent. The act is regarded as operating no farther than as an admission, which is frequently founded on erroneous information, and therefore not conclusive like an estoppel. Loomis v. Green, 7 Greenleaf, R. 386; Morris v. McCamey, 9 Ga. 160; Patterson v. Lytle, 11 Pa. St. 53; Cassel v. Williams, 12 Ills. 387; Stimson v. Farnham, Law. R. 7 Q. B. 175.

The court below did not instruct the jury that such proceedings by Dinet amounted to an estoppel, but told them that, " evidence that the defendants have caused the property to be levied upon under attachment, before a justice or distress warrant, if such is the fact, or that Dinet has made any statement implying that the property in suit was the property of Schmidt, if such is the fact, tend to rebut the presumption that the property in suit belonged to Dinet."

Now the attachment thus referred to was one which was sued out by Niehoff, the other defendant, in his own name. There was no evidence tending to show that Dinet was in any respect connected with the issuing or levying such attachment. It was solely Niehoff's act, whose interest was adverse to that of Dinet.

So that it was not only erroneous, not being based upon any evidence, so far as Dinet was concerned, but very prejudicial to him. It is too clear for argument that this act of Niehoff could have no tendency to rebut the presumption that the property belonged to Dinet. We think, also, that the court erred in refusing instructions asked on behalf of Dinet. But for the error indicated, the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.