## O. L. Mann et al.

### v.

### George Oberne et al.

1. Estoppel in pais—Pleading.—Under section 29 of the Practice Act (R. S. 1874, p. 778), the defendant may plead an estoppel *in pais* as a matter of right. Such special plea will, however, be subject to the same tests and rules of practice as in other cases.

2. Replevin—Pleading—Presumption.—Where in an action of replevin, a special plea setting up an estoppel *in pais*, to which the court below sustained a general demurrer, was good in substance. *Held*, that although where a demurrer has been sustained to a special plea, which set out a good defense, if the action was one which admitted of a general issue under which affirmative defenses, and such as were thus specially pleaded, might be given in evidence, the appellate court will presume that the defendant had the benefit of such defense under the general issue, unless the contrary is shown by the bill of exceptions, and will affirm the judgment, no other error appearing; yet in a case of replevin, this court does not apply the doctrine of presumption recognized above.

Appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding. Opinion filed May 20, 1884.

This was replevin in the *cepit*, brought by Oberne and Hosick against O. L. Mann (then sheriff), and Eppstein and Marks for 160 sides of leather. The pleas were 1, *non cepit;* 2, *non detinet;* 3, property in one Scheiderer; 4, justification under attachment against Scheiderer, with averment of property in him; 5, special plea by Eppstein and Marks, of estoppel *in pais*, in substance as follows:

That plaintiffs are barred and estopped from bringing or maintaining their said action, because before and at the said time when, etc., one George P. Scheiderer was a resident of Wisconsin, and just prior to the said time when, etc., had failed in business and become and was insolvent, owing a large indebtedness, to wit, $100,000, and was indebted to said defendants, Eppstein and Marks, before and at the said time when, etc., in the sum of $7,000, then past due and wholly unpaid, all of which the plaintiffs then and there well knew; that just before the said time when, etc., the goods and chat-

tels in the declaration mentioned were in said Cook county, in the possession of the plaintiffs; and the plaintiffs, well knowing the premises aforesaid, and further knowing that the defendants were then desirous of finding property of Scheiderer, in said Cook county, to be levied on for the benefit of the defendants, under an attachment writ about to be sued out by the defendants, and in response to an inquiry then and there made by the defendants of the plaintiffs in that behalf, freely and of their own accord, stated and represented to said defendants that said goods and chattels in the declaration mentioned were then and there the property of said Scheiderer, and that they, the plaintiffs, had no lien thereon, and had no right to the possession thereof, and were about to ship back and return said goods to said Scheiderer, by reason of the making by the plaintiffs of which said statements and representations the defendants, believing the same to be true, and relying and proceeding upon the truth thereof, and not knowing or having any reason to believe the same to be untrue, just before the said time when, etc., employed an attorney at law for a reasonable reward, to be paid by them to him in that behalf, and by and through said attorney instituted in this court an attachment suit against said Scheiderer, and sued out of this court a certain writ of attachment against said Scheiderer, and delivered said writ to the sheriff of said county, to be executed in due form of law; and under and by virtue of said writ, and while the same was in full force and effect, said sheriff at the same time when, etc., and at the instance and in behalf of the defendants, seized and took out of the possession of the plaintiffs the said goods and chattels in said declaration mentioned, and detained the same in execution of said writ, which are the same taking and detention in the declaration supposed, that had said plaintiffs not made to the defendants said statements and representations aforesaid, they, the defendants, would not have employed said attorney, nor instituted said attachment suit, nor sued out said attachment writ, nor requested said sheriff to seize and take said goods and chattels as aforesaid, nor would said seizure have been made; that solely by reason of and in and about the employing of said attor-

Mann v. Oberne.

ney instituting said attachment suit, suing out said attachment writ, and having the same levied upon said goods and chattels, and seizing and taking the same as aforesaid, the defendant did necessarily lay out and expend a large sum of money, to wit, one hundred dollars; and did necessarily incur and contract a large pecuniary liability to be discharged by them, the defendants, to-wit, a liability for five hundred dollars; and this the defendants are ready to verify.    Wherefore, etc.

Replications were filed to all the pleas but the fifth, to that a general demurrer which the court sustained.    The cause was tried by the court without a jury, and finding and judgment for plaintiffs, from which defendants prosecute this appeal.

Mr. Philip Stein, for appellants; that the plea presents all the elements of an estoppel *in pais*, cited Talcott v. Brackett, 5 Bradwell, 60, 68, 69; Pickard v. Sears, 6 Ad. & El. 469; Dezell v. Odell, 3 Hill, 215; Cornish v. Abingdon, 4 H. & N. 549; Smith v. Newton, 38 Ill. 230; Knoebel v. Kircher, 33 Ill. 308; Mayer v. Erhardt, 88 Ill. 452; Kinnear v. Mackey, 85 Ill. 98, 99; International Bank v. Bowen, 80 Ill. 541; Wade v. Bunn, 84 Ill. 117; Tucker v. Conwell, 67 Ill. 553; Hefner v. Vandolah, 57 Ill. 520; St. L. & I. M. R. R. Co. v. Larned, 103 Ill. 293; Higgins v. Ferguson, 14 Ill. 269; Donaldson v. Holmes, 23 Ill. 85; Anderson v. Armstead, 69 Ill. 452; Nichols v. Pool, 89 Ill. 491.

Mr. Henry V. Freeman, for appellees; as to estoppel *in pais*, cited Hefner v. Vandolah, 57 Ill. 524; Knoebel v. Kircher, 33 Ill. 315; Anderson v. Armstead, 69 Ill. 454; People v. Brown, 67 Ill. 435; International Bk. v. Bowen, 80 Ill. 545; Mayer v. Erhardt, 88 Ill. 457.

McAllister, P. J.    That the fifth plea, setting up an estoppel *in pais*, and to which the court below sustained a general demurrer, is good in substance, can scarcely admit of doubt.    It presents with sufficient certainty all the necessary elements of an estoppel *in pais*, and if true, amounts to a defense to the action.    To sustain a demurrer to it was there-

fore error, if the defendants were justified under the rules of pleading in filing it; and it is error which should reverse the judgment below, unless this court is bound to presume that the defendants filing it had the benefit of the same defense as fully, under some other plea.

It was said in The Welland Canal Co. v. Hathaway, 8 Wend. 482, that estoppels *in pais* can not be pleaded, but are given in evidence to the court and jury, and may operate as effectually as a technical estoppel under the direction of the court. That question, that is, the question whether an estoppel *in pais* could be pleaded, was not involved in that case, and the observation, though very nearly correct, may be regarded as mere *dictum.* The English courts, seemingly without taking any distinction between those actions which admit of a general issue under which different affirmative defenses may be given in evidence, such as assumpsit and case, and such actions as admit of no such general issue, such as replevin and trespass, hold, that at common law, estoppel *in pais may,* but need not, be pleaded. Sanderson v. Collman, 4 Man. & Gr. 209; Phillips v. Thorn, 114 E. C. L. 400.

But it is entirely clear that under section twenty-nine of our Practice Act (R. S. 1874, p. 778) the defendant may plead an estoppel *in pais* as a matter of right; such special plea will, however, be subject to the same tests and rules of practice, as in other cases. It has repeatedly been decided in this State that where a demurrer has been sustained to a special plea which set out a good defense, yet, if the action was one which admitted of a general issue, under which affirmative defenses and such as were thus specially pleaded might be given in evidence, then the appellate court would presume that the defendant had the benefit of such defense under the general issue, unless the contrary were shown by the bill of exceptions, and would affirm the judgment, no other error appearing. Warner v. Crane et al., 20 Ill. 148; Stevenson v. Sherwood, 22 Ill. 238.

Now, the action of replevin admits of no such general issue; and while we are not prepared to say that the estoppel *in pais* set up by the special plea was not admissible in evidence,

under the plea of property in Scheiderer, yet we do not feel justified in holding that this court should extend the doctrine of presumption recognized in the above cited cases to such a case as this, and upon the strength of it, hold that the error in sustaining the demurrer to the special plea in question could not have prejudiced the defendants, unless the contrary is made to appear by the bill of exceptions. The Supreme Court has not, so far as we can ascertain, ever applied such a doctrine of presumption in an action of replevin. On the contrary, in Leeper v. Hersman, 58 Ill. 218, that court reversed the judgment in replevin, because the court below had improperly sustained a demurrer to a special plea of estoppel. It is true that the plea there set out a deed which might be held to operate as a technical estoppel, which must be pleaded if there be opportunity to do so. But it also set out matter of estoppel *in pais*, and it is evident from the opinion that the plea was regarded as one of estoppel *in pais*.

We think it is the better view that the plea in question here was properly interposed; and, as it was good in substance, it was error to sustain the demurrer, which requires a reversal of the judgment, and sending the cause back.

Reversed and remanded.