## MARY A. DUGGAN
### v.
## THE VILLAGE OF DALTON CITY.

*Trespass—Removal of Fence by Municipality*—Res Adjudicata—*Street —Vacation.*

In an action of trespass against a municipality for removing a fence and destroying growing crops, the ground in question being claimed by defendant to be part of a public street, this court holds that the trial court erred in excluding certain evidence touching a previous action between the same parties, involving the precise question raised herein, and that judgment for the defendant can not stand.

[Opinion filed May 24, 1890.]

APPEAL from the County Court of Moultrie County; the Hon. H. M. MINOR, Judge, presiding.

Messrs. SCHOLES & GRAHAM, for appellant.

Messrs. MILLS BROS., for appellee.

PLEASANTS, P. J.   This was an action of trespass brought by appellant before a justice of the peace against the village, for removing her fence and spoiling her potato patch. On appeal the judgment was against her.

The evidence preserved in the record shows that in 1873, James Rooney platted as part of the village a parcel of the N. W. ¼ Sec. 31, T. 13 N., R. 4 E. of the 3d P. M., which he then owned, and with his wife quit-claimed to the public the streets as marked thereon.

In March, 1882, a petition was presented to the village trustees to vacate all of Walnut street between Water and Railroad streets, a length of two blocks, which was granted.

In September, 1884, Rooney and wife conveyed to appellant the quarter section above described, excepting lots in Dalton City conveyed to other parties, and the right of way of the P. D. & E. R. R. Co.   This right of way crosses Wal-

nut street at an angle which makes some of the blocks fractional, small and irregular.

The land here in question is that part of Walnut street which is between Water street and this right of way, east and west, and between the irregular blocks 24 and C, north and south. It is sixty feet in width, ninety-two feet on its north-side, and thirty on its south side, the difference being made by the right of way which runs northwest and southeast.

In the spring of 1889 appellant caused this land to be plowed, planted in potatoes and fenced. The trustees caused her to be notified to remove the fence, and, upon her failure to comply, ordered the street commissioner, who was also the village constable, to remove it and grade the ground to conform to the rest of the street, which he did, and hence this suit.

If this was an invasion of her rightful possession the village was liable in this action. Allen v. City of Decatur, 23 Ill. 332; Wolf v. Boettcher, 64 Ill. 316.

There was evidence tending to show that appellant was previously in actual possession. Appellee claimed that the land was a part of Walnut street, and that the alleged vacation was void, the proceedings not being in conformity with the statute.

Appellant offered in evidence the record of a judgment of the Circuit Court of Moultrie County, rendered at its April term, 1885, on appeal from a justice, in an action between these parties, in favor of appellant, and to prove by the commissioner and constable, who was a witness on the trial of that suit in the Circuit Court, that it was for an alleged trespass to another part of Walnut street included in the alleged vacation; that the validity of such vacation was directly in question in the suit and was affirmed by the decision of the court therein. But the court, on objection by appellee, excluded the evidence so offered; and the propriety of that ruling is the only question now before us.

We do not propose, in this case, to add another to the many judicial discussions reported, in explanation, illustration, application and limitation of the doctrine of *res adjudicata*. We

understand that the precise question that was involved in this case was also involved in the former case between the same parties; that it was not incidentally or collaterally there involved, but directly and vitally; that the issue could not have been properly determined without a decision of that question; and that it was there specifically and distinctly decided.    What more can be required to bring it within the rule that would make that decision binding and conclusive of the same question between the same parties in all collateral proceedings, we can not well imagine.    We are of opinion, therefore, that the ruling of the County Court complained of was erroneous, and content ourselves with a reference to the single case of the Attorney-General v. C. & E. R. R. Co., 112 Ill. 520, and the authorities there cited.    For this error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*