## M. C. Campbell and O. S. Tippy v. George H. Goodall, Admr., etc., for the use of the Widow and Heirs of Thomas Davis, Dec'd.

1. ESTOPPEL—*Equitable, Grounds of.*—The doctrine of equitable estoppel is based on the ground of promoting the justice and equity of the individual case, by preventing a party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth.

2. SAME—*In Pais—Mutuality.*—An estoppel *in pais* must operate on both parties. Mutuality is essential.

3. SAME—*Based Upon Fraudulent Purposes.*—The doctrine of estoppel *in pais*, or equitable estoppel, is based upon a fraudulent purpose and a fraudulent result. If, therefore, the element of fraud is wanting there is no estoppel, as, if both parties were equally cognizant of the facts and declaration, and silence of one party produced no change in the conduct of the other, he must be held as acting solely on his own judgment.

4. SAME—*Fraudulent Intention.*—Estoppels are founded on intention and can not be extended to objects which the parties can not reasonably be supposed to have had in view.

5. SAME—*Evidence of, Under the General Issue.*—The facts creating an estoppel can be proven under the general issue.

6. SAME—*No Mutuality, No Estoppel.*—G. as administrator of D. sued H. C. & F. upon a promissory note signed by them. H. was not served. The controversy involved the question as to whether or not an account held by H. against D. to an amount equal to the balance on the note, was a good defense in connection with the evidence that D. during his lifetime had declared that he would not pay the account held by H. against him as long as the note he held with H.'s name on it remained unpaid; that if H. sued on the account he would set off the note against it. *It was held* that the alleged defense did not operate as an estoppel *in pais*, there being no mutuality between the parties.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Williamson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

CLEMENS & WARDER, attorneys for appellants.

DUNCAN & RHEA, attorneys for appellee.

Campbell v. Goodall.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The facts in this case and the issue therein are succinctly stated by appellants' counsel as follows:

"This was an action in the Circuit Court brought by the appellees in form of assumpsit, upon a note given to the decedent, Thomas Davis, for the sum of $923.45, of date November 3, 1884, due one day after date and signed by Z. Hudgens (by M. C. Campbell) and M. C. Campbell and O. S. Tippy, the defendants Campbell and Tippy being the only parties served as defendants, with process.

There were credits on the note to the amount of $675.

The controversy involves the question whether or not an account held by Z. Hudgens against Thomas Davis to an amount equal to the balance on the note, was a good defense in connection with the evidence that Thomas Davis during his lifetime had declared that he would not pay the account held by Hudgens against him, as long as the note he held with Hudgens' name on it remained unpaid; that if Hudgens sued on the account he would set off the note against it."

The plea of general issue was the only one filed. It is conceded the defense interposed is not in the nature of a set-off, nor is it contended the evidence shows an agreement that one claim should pay or satisfy the other. The court instructed the jury on the theory of such an agreement and that unless they believed from the evidence there was an agreement to that effect, they should find for the plaintiff. The appellants claim this was an erroneous theory in view of the facts. They contend the note was a joint and several contract, and therefore Davis, the payee, could sue either or all of those who signed it. He could, likewise, use it as against either one by way of set-off, if either one should sue him. It is said, "This was an election the payee was privileged to make. It therefore becomes important to consider whether, when the payee makes an election as to how he proposes to apply his demand, and notifies the party to be affected, he is not bound

by such election." It is further said, "This defense is not so much a set-off in its present shape, but operates as an estoppel *in pais*," and that Hudgens had a right to rely on his account being credited on the note now sued on. The doctrine of equitable estoppel is based on the "ground of promoting the justice and equity of the individual case, by preventing the party from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth. Herman on Estoppels, Vol. 2, Secs. 741–4. Counsel earnestly insists this doctrine applies to this case. An estoppel *in pais* must operate on both parties. Mutuality is essential. Dinet v. Eilert, 9 Ill. App. 644. "The doctrine of estoppel *in pais*, or equitable estoppels, is based upon a fraudulent purpose and a fraudulent result. If, therefore, the element of fraud is wanting, there is no estoppel, as, if both parties were equally cognizant of the facts, and the declaration or silence of one party produced no change in the conduct of the other, he acting solely on his own judgment." Davidson v. Young et al., 38 Ill. 152; Dulargue v. Cress, 71 Ill. 380. There must be fraud and injury to constitute an estoppel *in pais*. Wilson v. Roots, 119 Ill. 397. The facts show that Davis refused to pay Hudgens' account while Hudgens refused to pay the note Davis held against him, and that if Hudgens sued his account, Davis would counter in the same suit, with his note. That is all there is of it. Hudgens had the right to sue his account at any time. He was not estopped from doing so, and therefore it follows that Davis was not. There must be mutuality in estoppel. There was not the semblance of fraud in Davis' declaration, as it was but the assertion of a legal right, and therefore the essential element of an equitable estoppel is wanting.

The fact that Hudgens did not bring suit on his account is not material. His failure to do so was a matter of choice and not of estoppel. Davis' proposition was equivalent to an offer to set one claim off against the other, to the extent of the respective claims, and then, if he owed anything as a

East St. Louis Connecting Ry. Co. v. Allen.

balance, as the evidence shows, he was ready and willing to pay it. Hudgens was not willing to do this, probably because he was only a surety on the note. The note was long past due. His liability was fixed, and as to Davis, he was a principal as to such liability; that is, he could sue him alone. Davis did not, by his declaration, estop himself from bringing suit on the note. The facts do not warrant the inference of any manifestation of intention in that regard, on his part. " Estoppels are founded on intention, and can not be extended to objects and purposes which the parties can not reasonably be supposed to have had in view." Needles v. Hamfan, 11 Ill. App. 304. He made no election. Davis' assertion of a purpose was, first, in the negative, that he would not pay the account while he had the note on Hudgens; second, conditional, that if Hudgens sued the account he would set off the note. We are unable to observe an element of estoppel in the facts of this case. Had there been an estoppel, the facts creating it could have been proven under the general issue. Mann v. Oberne, 15 Ill. App. 35. There being no error in the record, the judgment is affirmed.