## Theodore P. Sheldon v. The Village of Kalamazoo.

*Municipal corporation: Highway.* A municipal corporation is liable to an action for an invasion of private property, unlawfully and forcibly taken for a way, under directions of the corporation board of trustees and corporate officers.

*Due process of law: Municipal board: Judicial action: Interested party cannot act as judge.* Whether a highway lawfully exists over private property, is a question which cannot be settled against the owner without the right to a trial in due course of law; and a municipal board cannot decide upon it so as to bind him, and acts at its peril in attempting it. Such municipal action is not judicial; and if it were it would be void, because an interested party cannot be a judge in his own cause.

*Municipal corporation: Highway: Encroachment: Village marshal.* A municipal corporation cannot properly make a forcible entry upon premises in private occupancy, under pretence of encroachment on a highway; but it should resort to legal proceedings before it can disturb a continued possession under claim of right. Compelling a village marshal to use such force, under a threat of removal if he should not do so, would be a gross violation of duty and propriety.

*Heard January 11. Decided April 3.*

Error to Kalamazoo Circuit.

*J. Davidson Burns* and *M. J. Smiley,* for plaintiff in error.

*Severens & Burrows,* for defendant in error.

CAMPBELL, J.

The present controversy arises out of certain action of the marshal of the village of Kalamazoo, in pursuance of a resolution of the village board, in entering upon the close of the plaintiff and throwing down his fences, on a claim that he was occupying part of a village street.

The plaintiff proved title to the land, and offered to show a resolution of the president and trustees of the village duly assembled, whereby the committee on streets were directed to notify all persons on the line of the Olmstead road, so called, who had encroached upon that road within the village limits, by the erection of fences or otherwise, to remove their fences and cease to encroach on it, and on failure of any one to comply, then the committee were directed to notify the marshal forthwith to remove the fences, so that said encroachments should cease to exist. He further offered to show that his land adjoined said road and his fence stood on the line, but that defendants claimed the fence was in the road and encroached on it; that thereupon they passed said resolution, and in pursuance thereof the street committee notified the plaintiff to remove the fence, and set it back ten or twelve feet on his land, which he refused to do; that thereupon the committee directed the marshal to tear down and remove the fence, and threatened to remove him from office unless he did so; and he thereupon complied with their directions and removed the fence.

The court refused to allow any evidence to be received, basing the refusal on the ground (as we infer from the objections), that the president and trustees acted in the capacity of public officers and not municipal agents, and that the corporation is not liable for their acts in the premises.

SHELDON v. KALAMAZOO.

The injurious act complained of is not a public griev-ance, but is a wrong done to a private person. It is not a wrong arising from neglect, but is the direct operation of a willful trespass. The case is therefore freed from all those complications which attend the discussion of questions of liability for neglects and for public grievances. And as the whole control over the subject of streets in the village of Kal-amazoo is in the corporate authorities, there is no room for the consideration of those difficulties which arise where corpo-rate action is aimed at matters entirely foreign to the con-cerns of the municipality.

The doctrine is entirely untenable that there can be no municipal liability for unlawful acts done by municipal authorities to the prejudice of private parties. In this respect, public corporations are as distinctly legal persons as private corporations. There are officers who are corpo-ration agents, and there are municipal officers whose duties are independent of agency and with distinct liabilities. But when the act done is in law a corporate act, there is no ground upon reason or authority for holding that if there is any legal liability at all arising out of it, the corpora-tion may not be answerable. There is no conflict whatever in the authorities on this head. The only disagreement is concerning corporate responsibility in cases of alleged neg-lect of duty, and concerning the bounds of what may be termed their legislative discretion, as distinguished from their other action. To hold that positive wrongs must in all cases be considered as purely individual and not corporate acts, would be a novelty in jurisprudence. Although not subject like corporations to the jurisdiction of courts, it has always been understood that even states and nations may be held responsible for the wrongs of their authorized agents, and the whole system of public law rests on this assump-tion. The idea, therefore, that a corporate body has a dis-

cretionary power to do wrong and not suffer for it, is not in harmony with any safe principle. There may be certain cases where there is, of necessity, a final discretion ; but there can be no absolute discretionary power over private persons or property. They are assured by the law of the land against any improper interference, and no public authority exists which can authorize their immunity to be taken away.

The act complained of here is a forcible taking of private lands for public use, without either compensation, or any steps under the forms of law to determine the necessity of taking them. The only justification of the act must be found in showing them to belong already to a lawfully existing public highway. This is a question of fact, and of private right, and the claimant of the land cannot be deprived, by any power in this state, from having his rights passed upon by the legal tribunals.

There are decisions which hold that when a corporate board has power to establish grades and other public works, merely incidental inconveniences will not authorize their honestly exercised discretion to be disregarded. How far this doctrine can be carried we have no occasion now to consider. The incidental damage which may arise from the vicinity of public improvements, and the imperfections of their plan, is very different from the actual invasion of private possessions. There is no case where the actual taking of private property is *damnum absque injuria*. Compensation is a constitutional condition of such taking, and it can only be lawful when the necessity of the taking, as well as the measure of compensation, has been determined in a legal way. If a municipal board can finally determine that a highway already exists over private lands, there can be no security whatever against unlawful seizures. It would not only allow interested judges to decide, but it would cut off

all appeal from their decisions. In all the proceedings for taking land for streets, in cities and villages, the municipality is regarded as a party litigant.—*People v. Brighton, 20 Mich. R., 57.* When the local authorities decide that they desire the way established, they then become petitioners and movers, just as railroad companies do where land is needed for their purposes. The contest is between the city or village and the private citizen, and when the damages are determined, and the land is to be used, the former is responsible for their payment. There would be no more propriety in allowing a corporation to determine for itself that it already owned the way, than in permitting a private person to decide his own action of ejectment.

If the property in dispute is not subject to the public easement asserted, then the village of Kalamazoo has taken possession of property it could not lawfully appropriate without a legal condemnation. There is no authority that we can find which holds such an invasion of private lands not to be an act of the corporation, and none which would exempt the corporation from liability to an action for the wrong. The directions to the marshal came from the authority of the village board, acting as a board, and not as individuals, and all that was done under the resolution was in the course of agency, and not in the distinct exercise of discretionary powers over which the board had no control. None of the persons acting possessed any such discretionary jurisdiction in relation to protecting public ways. The whole control, as already suggested, is given by the charter to the corporate board, and all parties acted on that theory. The principle of liability is, therefore, well established on a line of authority which has not been questioned.— *Thayer v. Boston, 19 Pick. R., 511; Clark v. Washington, 12 Wheat. R., 40; Allen v. Decatur, 23 Ill., 332; Lee v. Sandy Hill, 40 N. Y., 442; Nichols v. Boston, 98 Mass.*

R., 39; Rochester White Lead Co. v. City of Rochester, 3 N. Y., 465; Detroit v. Corey, 9 Mich. R., 165; Pennoyer v. Saginaw City, 8 Mich. R., 534.

The very strange course taken by the president and other village authorities, threatening the marshal with removal from office unless he should carry out what he supposed to be an unlawful order, was, if it took place as offered to be shown, a great abuse, and indicates the danger of such high-handed proceedings as were attempted in this case. Where a person has been in peaceable possession of lands, under color and claim of right, it is not consistent with legal policy to allow him to be forcibly ejected without legal process. In all cases of encroachment on highways outside of municipalities, provision is made for having the questions disposed of by a peaceable legal proceeding, before any one can be disturbed. The courts have interfered to protect continued possession by the writ of injunction until the right should be tried at law.—Devaux v. City of Detroit, Harr. Ch. R., 98; Varick v. Corp. of New York, 4 J. C. R., 53. And we cannot believe that under the power to pass ordinances to prevent encroachments and compel their removal, it was designed that corporations, any more than individuals, should violate the public peace.

We think the judgment should be reversed with costs, and a new trial granted.

The other Justices concurred.