VIRGINIA DEFER AND MICHAEL F. MCDONALD V. THE CITY OF DETROIT.

*Municipal corporations—Negligence—Liability—Defective plan of work.*

1. Where the plan adopted by a municipal corporation in constructing a public improvement must *necessarily* cause an injury to private property equivalent to some appropriation of the enjoyment thereof to which the owner is entitled, the municipality is liable; but where the fault found is with the *wisdom* of the measure, or its *sufficiency* or *adaptability* to carry out or accomplish the purpose intended, and where its construction according to the plan adopted invades no private rights, the municipality is not liable. *Detroit v. Beckman*, 34 Mich. 125; *Ashley v. Port Huron*, 35 Id. 296.

2. The declaration in this case is held to state a cause of action, and the demurrer is overruled.

3. In the case of *Dermot v. Detroit*, 4 Mich. 435, it was held that the defendant was not liable, at the suit of a private individual, for damages arising from the insufficiency or defective construction of its public sewers, when such damage resulted *directly* to the party injured from his use and occupation of the same for his *private* advantage and convenience; but it was intimated that had the damage happened directly in consequence of defendant's want of prudence or skill in the construction of its sewers, the case would have merited a very different consideration.

Error to Wayne. (Jennison, J.) Argued October 13, 1887. Decided October 20, 1887.

Case. Plaintiffs bring error. Reversed, and demurrer overruled, with leave to plead, etc. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellants.

*John W. McGrath,* for defendant.

CHAMPLIN, J. The only question in this case arises upon a general demurrer to a declaration of which the following is a copy:

" And for that, whereas, the said plaintiffs heretofore, to wit, for the space of three years last past, and at the time of the injuries herein complained of, were and still are the owners of a valuable leasehold interest in certain premises in the city of Detroit, known and described as lot 3 of the sub-division of the Dequindre farm, and known as number 312 Franklin street east, in said city, and which premises consisted of a two-story frame building, and cellar underneath the same, which premises were and are occupied as a grocery store, owned and carried on by the plaintiffs as copartners as aforesaid; that a large part of the stock of said grocery store was stored in the cellar mentioned; that said defendant was and still is a municipal body corporate, and a city, under the laws of the State of Michigan; that said defendant has established a system of sewers for said city, and has constructed, maintained, altered, and repaired public sewers in said city, and said defendant is in duty bound to supervise the construction, maintenance, altering, and repairing of the sewers in said city.

"That heretofore, to wit, in the year 1854, or thereabouts, the said defendant constructed a public sewer in Franklin street, a highway in said city, between Orleans street and Riopelle street, which said Franklin-street sewer was so constructed for the drainage of abutting property; that said Franklin street sewer was connected with the public sewer also built by defendant in Riopelle street, and which formed an outlet by means of which the water and sewerage from property abutting Franklin street was carried to the Detroit river; that said outlet, so constructed in 1853, was built at a certain grade sufficient to and did properly carry off and empty the water and sewerage from the said public sewer, and from plaintiff's premises, and so remained and continued up to the time of the injuries herein complained of.

" That the premises of the plaintiffs heretofore, to wit, for the period of nine years and upwards last past, and at the time of the injuries complained of, were properly connected by good and sufficient drainage with said public sewers in Franklin street, and thereby with the said outlet in Riopelle street, and in such manner as to thoroughly and properly drain said premises, and particularly said cellar, and so as

to keep, and did keep, the said cellar dry, and free from all sewerage and water, at all times, and so as to enable the plaintiffs to use, and said plaintiffs did use, said cellar for the storage of their grocery stock, at all times up to the time of the injuries herein complained of.

Yet the said defendant, well knowing the above premises, but contriving and intending to injure the said plaintiffs in their leasehold estates, and their property and business as aforesaid, did on or about the first day of October, A. D. 1885, through and by its agents, contractors, servants, and employés, to wit, the board of public works and the city engineer of the city of Detroit, one George S. Langley, contractor, and other servants and employés and agents of said defendant, rebuild the said outlet to the said Franklin-street sewer in Riopelle street, and did so rebuild the same without leave of plaintiffs, and without notice to them, at a new and different grade from that at which said original outlet was built; and said defendant, its agents, servants, and employés, did carlessly, negligently, wrongfully, and unskillfully raise the grade of said outlet in Riopelle street, so that the grade thereof was higher and above the grade of said Franklin-street sewer, by means whereof the water and sewerage from said public sewer in Franklin street, and from said Riopelle-street sewer, were flooded upon and discharged over and into the premises of the said plaintiffs, and did there remain and stagnate for a long space of time, to wit, for about one year, whereby said premises, particularly said cellar, were rendered untenantable, and plaintiffs deprived of the use thereof for a long space of time; and said premises were entirely deprived of drainage, and the goods, wares, and merchandise of plaintiffs were injured and destroyed, and the leasehold interests of said plaintiffs thereby greatly depreciated in value; and by means of the said several premises the said Virginia Defer and Michael F. McDonald have been and are greatly injured and damaged.

"And said plaintiffs aver that heretofore, to wit, on the sixth day of July, A. D. 1886, they presented this cause of action to the common council of the city of Detroit in writing, and petitioned the said common council to pay the plaintiffs for their damages sustained as aforesaid, but the said common council, after due deliberation, subsequently, to wit, on the sixteenth day of November, A. D. 1886, rejected the said claim, and refused to pay plaintiffs any sum whatever; whereby an action hath accrued to the said plaint-

iffs, against the defendant, by reason of the premises, to the damage of the said plaintiffs five hundred dollars, and therefore they bring suit."

The argument in support of the demurrer proceeds upon two principles:

1. That a municipal corporation is not liable for an injury resulting from the exercise of its legislative powers.

2. That a municipal corporation is not liable, at the suit of a private individual, for damages arising from the insufficiency or defective construction of its public sewers, when such damage results directly to the party injured from his use and occupation of the same for his private advantage and convenience.

That the first proposition, broadly stated, is not universally true, is shown by the case of *Ashley v. Port Huron*, 35 Mich. 296, and cases cited in the opinion. The distinction is that, where the plan adopted by the muncipality must necessarily cause an injury to private property equivalent to some appropriation of the enjoyment thereof to which the owner is entitled, then the muncipality is liable; but where the fault found is with the wisdom of the measure, or its sufficiency or adaptability to carry out or accomplish the purpose intended, and where its construction according to the plan adopted invades no private rights, then the municipality is not liable. *Detroit v. Beckman*, 34 Mich. 125; *Ashley v. Port Huron*, 35 Id. 296.

Testing the declaration by the principles above laid down, we are to determine whether it is sufficient in law to hold the defendant liable.

It alleges that the defendant rebuilt the outlet of the Franklin-street sewer, where it enters the Riopelle-street sewer, upon a new and different grade from that at which the original outlet was built, and that in doing this the defendant carelessly, negligently, wrongfully, and unskillfully raised the grade above the grade of the Franklin-street sewer, by means whereof the water and sewerage from the

public sewer in Franklin street and Riopelle street were flooded upon and discharged into the plaintiffs' premises.

The declaration, in short, charges an act of misfeasance by defendant, which caused an invasion and overflow of their private property from the sewers. For such an act of misfeasance the defendant should be held liable, unless the second point taken by its counsel should prevail.

Counsel for defendant insists that the case of *Dermont v. Detroit,* 4 Mich. 435, supports the second position assumed by him. It was held in that case that the defendant was not liable, at the suit of a private individual, for damages arising from the insufficiency or defective construction of its public sewers, when such damages resulted directly to the party injured from his use and óccupation of the same for his private advantage and convenience. It was, however, intimated in that case that had the plaintiff's damage happened directly in consequence of the defendant's want of prudence or skill in the construction of its sewers, instead of by reason of his private drain being connected with the sewer, the case would have merited a very different consideration. It was also suggested that, had the injury occurred in consequence of the imprudent and unskillful construction of the Congress sewer with the Woolward-avenue sewer, a very different question from the present would have been presented.

The case made by the declaration in this case rests upon the careless and wrongful action of defendant in raising the grade at which the Franklin-street sewer enters and connects with the Riopelle-street sewer. It complains of a ministerial act negligently and wrongfully done, and not of an act involving legislative or discretionary power.

The acts complained of are analogous to those in the case of *Ashley v. Port Huron,* 35 Mich. 296, and if, upon the trial, the facts developed show that the act complained of was committed by the defendant in the execution of a ministerial duty, or in the exercise of a wrongful act, by which plaintiff's

premises were flooded by the water in the sewer being set back and discharged upon their premises through a sewer connection which they had a right to make and maintain, the principles enunciated in the *Ashley Case* will control this. The questions pertaining to the defendant's duty and liability in this respect should be determined upon the facts as established upon the trial. It is too early in the case to anticipate what those may be. We merely express our opinion at this time that the declaration discloses a cause of action.

The demurrer will be overruled, and the defendant may have leave to plead.

The judgment is reversed, and the cause will be remitted for further proceedings.

The other Justices concurred.