CHARLES RICE v. THE CITY OF FLINT.

*Municipal corporations—Negligence—Pleading—Change of grade of street.*

1. A declaration charging, in *substance*, that a city raised the grade of a street so as to dam up and set back the water in the gutter in front of plaintiff's property, causing it to overflow and· discharge into and upon his premises, to his injury, states a case of *actionable* negligence.
2. A city has no more right to invade or cause the invasion of private property than an individual.[1]

| 67 | 401 |
|----|-----|
| 115 | 697 |
| 67 | 401 |
| 116 | 330 |
| 67 | 401 |
| a122 | 318 |
| 67 | 401 |
| 124 | 131 |
| 67 | 401 |
| s34NW | 719 |
| 129 | 79 |
| 67 | 401 |
| d138 | ²650 |
| 67 | 401 |
| d146 | 215 |

Error to Genesee. (Newton, J.) Argued October 18 and 19, 1887. Decided October 27, 1887.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Long & Gold,* for appellant.

*Frank B. Leland* (*George H. Durand,* of counsel), for plaintiff.

CHAMPLIN, J. This is an action on the case to recover from the defendant for raising the grade of a portion of Saginaw street without taking any precaution or providing means for taking care of the surface water, which, by the change of such grade, was caused to flow upon plaintiff's premises, causing injury to his buildings.

The plaintiff introduced evidence tending to prove that the buildings owned by him were erected prior to 1882; they were upon the west side of Saginaw street, and adjoined the Flint river; that prior to 1882 the surface water passing down and along the west side of said street ran down the

---

[1] See *Defer v. City of Detroit, ante,* 346, for an instructive case on this subject.

gutters, and discharged into Flint river north of plaintiff's buildings, without doing him injury or damage; that in 1882 the municipal authorities constructed a new bridge over the Flint river in Saginaw street, and in doing so built stone abutments, and raised the grade at the bridge about three feet, thus damming the water which had been accustomed to flow into the river at times of rains, and causing such water to set back, overflow, and discharge into the area in front of his buildings, and thence into the basement thereof, thus injuring the foundations to his buildings, and rendering the basements unfit for occupancy.

The testimony introduced to sustain the facts above stated was objected to on the ground of variance, and that it made a different case from that alleged in the declaration.

The first and second counts in the declaration were not sustained by the proofs, and really stated no cause of action in tort.

The third count, however, states a case of negligence, and the testimony introduced was admissible in support thereof.

There was evidence that the building of the abutment, and the alteration in the grade of the street near the bridge, were done by the municipal authorities, and they were so connected with the work that, if an actionable wrong was committed in the manner in which the work was prosecuted or constructed, the defendant would be liable therefor.

In the absence of record evidence, the testimony of the street commissioner of the ward was ample to fix the responsibility upon defendant.

While there was much irrelevant and inadmissible testimony introduced, against the defendant's objections, with a view of a recovery under the first and second counts, yet, in view of the way the case was finally submitted to the jury under the instructions of the court, and the verdict of the jury, we are unable to see that it operated injuriously to the defendant.

The gist of the plaintiff's declaration was that the defendant raised the grade of Saginaw street, at or near the bridge across the Flint river, so as to dam up and set back the water in the gutter in front of his property, and cause it to overflow and discharge into and upon his premises, to his injury, and the testimony tended to prove the case stated.

For a direct act which causes water to flow upon the premises of another to his injury a municipality is responsible. A city has no more right to invade or cause the invasion of private property than an individual. 2 Dill. Mun. Corp. §§ 1042, 1043; *Byrnes v. Cohoes,* 67 N. Y. 204; *Noonan v. Albany,* 21 Alb. Law J. 174; *Inman v. Tripp,* 11 R. I. 520; *Ross v. Clinton,* 46 Iowa, 606; *Ashley v. Port Huron,* 35 Mich. 296; *Pennoyer v. Saginaw,* 8 Id. 534.

The instructions to the jury were given with great care and discrimination, and we see no cause for exception thereto.

The judgment is affirmed.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.