| 115 | 121 |
|-----|-----|
| 115 | 492 |
| 115 | 121 |
| 125 | 6 |
| 115 | 121 |
| s73NW | 128 |
| 129 | 249 |
| 129 | 256 |

GILBOY *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—NEGLIGENCE OF BOARD OF HEALTH—LIABILITY.

municipal corporation is not liable for the negligence of its board of health, in consequence of which one who had been exposed to smallpox was received into a boarding house, occasioning loss and damage to the proprietor.

Error to Wayne; Lillibridge, J.    Submitted October 6, 1897.    Decided December 7, 1897.

Case by James Gilboy and another against the city of Detroit for damages alleged to have been sustained through the negligence of the board of health of said city.    From a judgment for defendant on demurrer to the declaration, plaintiffs bring error.    Affirmed.

This is an action of tort.    The declaration alleges that plaintiffs kept a boarding house; that they received a boarder in the usual course of business; that said boarder had been exposed to smallpox at the Merchants' Hotel, in the city of Detroit, and that, through the negligence of the board of health, said person was permitted to go at large, instead of being confined; that it was the duty of the board of health, under the charter and ordinances of the city, to examine the person at the Merchants' Hotel, determine whether she had smallpox, and, if she had, to remove her to a pest-house or hospital; that the person received into plaintiffs' boarding house was taken down with smallpox while there, and they, in consequence, suffered loss and damage.    A demurrer was interposed, and sustained by the court.

*George G. Prentis* and *A. J. Linzee*, for appellants.
*Charles Flowers* and *Eli R. Sutton*, for appellee.

GRANT, J. (*after stating the facts*).   The record presents the sole question, Is a municipality liable for the negligence of officers of the board of health in the performance of their duty?   Counsel for the plaintiffs cite no authorities to support their contention, and probably for the very good reason that none can be found.   The authorities universally hold to the contrary.   The universal rule is that such boards and officers are not acting for private, but for public, purposes.   They represent the entire State, through the municipality, a political subdivision of the State; and municipalities, in the absence of express statutes fixing liability, are not liable for the negligence of such officers and boards.   *Maxmilian* v. *Mayor, etc., of City of New York,* 62 N. Y. 160 (20 Am. Rep. 468);   *City of Richmond* v. *Long's Adm'rs,* 17 Grat. 375 (94 Am. Dec. 461);   *Brown* v. *Inhabitants of Vinalhaven,* 65 Me. 402 (20 Am. Rep. 709);   *Barbour* v. *City of Ellsworth,* 67 Me. 294;   *Mead* v. *City of New Haven,* 40 Conn. 72 (16 Am. Rep. 14);   *Ogg* v. *City of Lansing,* 35 Iowa, 495 (14 Am. Rep. 499);   *Sherbourne* v. *Yuba Co.,* 21 Cal. 113 (81 Am. Dec. 151);   *City of Detroit* v. *Blackeby,* 21 Mich. 84 (4 Am. Rep. 450);   *Hill* v. *City of Boston,* 122 Mass. 344 (23 Am. Rep. 332); 2 Dill. Mun. Corp. § 965.   *Brown* v. *Inhabitants of Vinalhaven* is the counterpart of this in its facts.

The rule is so clearly stated by Justice Folger in *Maxmilian* v. *Mayor, etc., of City of New York,* that we quote it:

"There are two kinds of duties which are imposed upon a municipal corporation: One is of that kind which arises from the grant of a special power, in the exercise of which the municipality is as a legal individual; the other is of that kind which arises or is implied from the use of political rights under the general law, in the exercise of which it is as a sovereign.   The former power is private, and is used for private purposes; the latter is public, and is used for public purposes.   The former is not held by the municipality as one of the political

divisions of the State; the latter is.   In the exercise of the former power, and under the duty to the public which the acceptance and use of the power involve, a municipality is like a private corporation, and is liable for a failure to use its power well, or for an injury caused by using it badly.   But where the power is intrusted to it as one of the political divisions of the State, and is conferred, not for the immediate benefit of the municipality, but as a means to the exercise of the sovereign power for the benefit of all citizens, the corporation is not liable for nonuser, nor for misuser by the public agents."

Judgment affirmed.

The other Justices concurred.