## MORLEY *v.* VILLAGE OF BUCHANAN.

MUNICIPAL CORPORATIONS—GRADE OF STREET—CHANGING COURSE OF WATER—DAMAGES.

Where, pending the erection of plaintiff's foundry building, defendant village caused to be constructed along the adjacent street a gutter wall, by which the water accumulating in the street was carried away, the village was liable for damages resulting from its subsequent action in destroying the gutter, and so changing the grade of the street that the water theretofore carried away by the gutter was precipitated through the windows into the molding-room of the foundry.

Error to Berrien; Coolidge, J. Submitted April 11, 1900. Decided May 15, 1900.

Case by Burton T. Morley against the village of Buchanan for damages caused by a change of street grade and the destruction of a gutter. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*Edward Bacon*, for appellant.

*Alison C. Roe*, for appellee.

LONG, J.   The court below directed the verdict in favor of defendant.   Plaintiff brings error.

It appears that the plaintiff has been for many years the owner of a building, used for a foundry, facing upon North Portage street, in defendant village.   This building was of brick, and was constructed by plaintiff in the year 1875.   It had a frontage on North Portage street of about 60 feet.   It being intended for foundry purposes, it was excavated to the depth of about 3 feet below the surface of the street, with the bottom of the windows nearly on a level with the street surface.   It is alleged in the declaration that, while this building was being erected, the defendant village—

"Caused to be constructed along and a short distance west of the eastern boundary of said North Portage street, including the part opposite to said brick building, a gutter wall, formed of stone, of considerable breadth, to wit, of the breadth of 6 feet, and having a descent to the north, towards McCoy's creek, near by; that the surface of the street sloped downward from the wall of said brick building to said gutter; that said gutter was so constructed as to receive and properly carry away all water from the roof of said building, and thereby all the water from said building, when completed, was naturally carried into said gutter, and all water that by any means was likely to enter said gutter was also carried away."

It is also averred that the water was so continuously carried off until the year 1893, when the defendant changed and raised the grade of that street about 3 feet along the whole of the front of the plaintiff's building, and caused the grade, for some 12 feet in width, of the said street, to slope to and against the plaintiff's windows, thereby destroying the gutter which had theretofore carried off the water, so that, as now constructed, the waters are precipitated against said building, and into and through the windows and into the molding-room of plaintiff's foundry.

Some testimony was given tending to support the averments of the declaration. The court below instructed the jury that the declaration stated no cause of action, and that the evidence failed to disclose any liability on the part of the village, and therefore directed the verdict in favor of defendant.

We think the court was in error in these instructions. The declaration stated a cause of action, and there was some evidence to support the allegations. The village had the undoubted right to change the grade of the street, and would not be liable to adjacent owners of property if by that means the surface water was thereby cast upon their premises. The declaration, however, avers, and the proofs show, that before that time a gutter was there placed and kept, which carried the waters there accumulating away from the plaintiff's building and into McCoy's creek. The acts complained of by the plaintiff are the destruction of this gutter, and so changing the grade of the street that the waters that had theretofore been carried off by this gutter were thus precipitated upon his premises.

It is the claim of counsel for defendant that, under the village act, the village had authority to determine and establish the grade of streets, and to grade and otherwise improve and repair the same, and to establish and construct sewers and drains whenever and wherever necessary, and of such dimensions and materials as might be thought proper. 1 How. Stat. §§ 2861, 2870. It was, however, held in *Defer* v. *City of Detroit*, 67 Mich. 346 (34 N. W. 680), that, when the plan adopted by a municipal corporation in constructing a public improvement must necessarily cause an injury to private property equivalent to some appropriation of the enjoyment thereof to which the owner is entitled, the municipality is liable. In that case the act complained of was in raising the grade at which the Franklin-street sewer entered and connected with Riopelle-street sewer, by means of which the waters in the sewer were set back upon plaintiff's premises. It

was held in that case that the declaration stated a cause of action.   In *Rice* v. *City of Flint*, 67 Mich. 401 (34 N. W. 719), the declaration charged, in substance, that the city raised the grade of a street so as to dam up and set back the water in the gutter in front of plaintiff's property, causing the water to overflow and discharge into and upon his premises, to his injury.   It was held that the declaration stated a cause of actionable negligence, and it was said, "A city has no more right to invade or cause the invasion of private property than an individual." See the cases there cited.   We do not mean to hold that plaintiff could recover damages occasioned from water flowing from his own premises.

The judgment below must be reversed, and a new trial granted.

The other Justices concurred.