BODEWIG *v.* CITY OF PORT HURON.

1. MUNICIPAL CORPORATIONS—LIABILITIES—USE OF PREMISES.

A city which by its charter is required to provide a pesthouse or hospital, and which makes use of a private dwelling for a hospital, must pay the owner of such dwelling a reasonable sum for the use thereof, although the city obtained possession by a trick or trespass committed by its officer or agent.

2. SAME—LIABILITY FOR TORTS—ACTS OF OFFICERS.

A city is not liable for damages resulting from the act of its health officer in tortiously entering into and wrongfully using a private house as a pesthouse, where it neither directed nor authorized the trespass, nor ratified the health officer's act, although it had the benefit thereof.

Error to St Clair; Tappan, J. Submitted October 10, 1905. (Docket No. 29.) Decided October 31, 1905.

Case by John Bodewig against the city of Port Huron for damages to certain property by reason of its use by defendant as a pesthouse. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Reversed.

Plaintiff owned six houses on the south side of Bancroft street, in the city of Port Huron, which he leased for dwelling houses. In January, 1902, Dr. H. R. Mills, who was at that time health officer of the city, called upon plaintiff, asking if he had an empty house. Plaintiff replied that he had one on Bancroft street, gave Mills upon his request a key to the house, and offered to go with Mills to look at the house. Mills said he would not go until morning, and asked for what sum the house rented. Plaintiff replied that the rental charge depended upon the family. He was told there would not be much of a family, and said that for the winter months the house could be had for $6 a month. Mills stated that he would

be around in the morning and go with plaintiff to look at the house, and he went away with the key. Mills did not return in the morning, and plaintiff, going to the house, found it occupied and placarded. Meeting Mills, he said: "'Mr. Mills, you done an awful job on me.' 'Well,' he says,' well, we couldn't help ourselves,' and he didn't do it alone." A few days later a red sign, with the word "small-pox," appeared on the house. It was used as a detention hospital and pesthouse, and was placarded until late in the summer of 1902. In May, 1903, the house was, under direction of the then health officer of the city, fumigated, and was by him rented for six dollars a month; the rent for two months being paid to him and by him to the city treasurer. In August, 1902, plaintiff presented to the common council of the city a claim, verified, setting up the taking possession of the house by the health officer, the use to which the house had been and was being put, alleging damage, not only to the particular house and its rental value, but also to the houses adjoining. The claim was referred to the committee on ways and means. In February, 1903, plaintiff sent to the council a further communication, in which was recited the filing of the claim, its reference to a committee, and no subsequent action, asking for action and hearing before the committee. It was consented on the part of the city, at the trial, that the claim might be treated as having been disallowed by the council.

In June or July, 1903, plaintiff began suit against the city of Port Huron. The declaration names the action as "trespass on the case," and, after averring ownership of the property in question and of the adjoining property, charges in the first count that the defendant, "with force and arms and without leave, license, or permission" from plaintiff, "took possession of one of the said houses," describing it, and changed and converted it into and used it for a pesthouse, placarded it to show its use.

"Then and thereby and by means thereof causing great and continuing damages and annoyance and great loss to

the said plaintiff, both as to the house and premises so taken possession of by the said defendant, and the houses and premises of the said plaintiff in close proximity thereto, to the plaintiff's damage."

The second count of the declaration reads as follows:

"And for that, whereas, heretofore, to wit, on the 22d day of January, A. D. 1903, said plaintiff was the owner of and in possession of a certain house and premises, located and being the second house west of Thirteenth street and being on Bancroft street, in the city of Port Huron, which said house and premises was of great value, to wit, of the value of $1,200.00, and while he, the said plaintiff, was so in possession of said premises the said defendant, by its officers, agents, servants, and employés, with force and arms and without leave, license or permission, on, to wit, the day aforesaid, took possession of the said house and premises and converted the same into a pesthouse, and forcibly ejected plaintiff therefrom, and since said time and from thence hitherto has continued to hold and occupy said premises, contrary to the rights of said plaintiff, and did for a long space of time, to wit, for upwards of one year, continue to use and occupy said house and premises as a house used for persons afflicted with contagious diseases, to wit, with the contagious disease commonly called 'smallpox,' and has refused and neglected and still refuses and neglects to pay the said plaintiff anything for the use and occupation of said premises, although often requested so to do, to the plaintiff's damage of $2,000.00."

There are other averments of loss of rents and profits. The plea does not appear in the printed record, and upon the trial no testimony was introduced on the part of the defendant.

When the case for the plaintiff was rested, counsel for defendant moved that a verdict for defendant be directed for the reason that—

"This is an action of trespass on the case, according to the declaration, and the case as attempted to be made out is an action of trespass; also for the reason that the trespass, if it should be treated as an action of trespass, the trespass as proven occurred subsequent to the trespass as alleged in the declaration, which I understand is fatal:

and for the further reason that this is an action of tort, and, being such, the city is not liable for the wrongful acts of its health officer, if there were any wrongful acts.

"My proposition is this: That, while the city is responsible in many instances for the acts of its agents in a civil action, and while the city in a civil action might be liable for the rent of this place, because the health officer rented it or used it, in an action of assumpsit or a proper action, the city might be held liable; but that is not the case we have here.  We have here the case of a man who happens to be holding the office of health officer of the city, and who is performing a duty, not a duty of the city, not a duty that is doing any good to the city as a city, but a duty that is imposed upon him by the State law for the benefit of the health of all the citizens; and my proposition is that in that case that the city is not liable for his tortious act, that the city is not liable for the fact that he may have done some wrong, that where a city is obligated by the State law to do certain acts, not for itself, but for the State, that it may have certain civil liabilities in assumpsit, but that it is not liable for a tort.  That is the basis of my motion."

This motion was overruled.  The court also declined to give defendant's fourth, fifth, and sixth requests to charge, which were:

"4. You are instructed to direct a verdict for the defendant, for the reason that it is not shown that the city of Port Huron authorized any of the trespasses alleged to have been committed or proved.

"5. I instruct you that the defendant cannot be held liable for the acts complained of, and it is not responsible for the torts of its health officer or health board, and cannot be held liable for the torts of such officers.

"6. I instruct you that, if the trespass complained of was committed, still there is nothing in the proof which would warrant the jury in finding that defendant could have authorized the same, or could have done any act which would make the city liable on account of the same."

After carefully excluding from the consideration of the jury all elements of and claim to damages, except the proper rental to be allowed, the court said to the jury:

"For these reasons there remains but one question for

your determination; that is, what is a fair and just compensation to Mr. Bodewig for the occupation and use of the single house at Thirteenth street by the city of Port Huron as a pesthouse from January 27, 1902, until June 26, 1903, practically a period of one year and five months. There has been some testimony offered in the case of a family occupying the house next door becoming afflicted with smallpox, and I allowed some testimony to be introduced in the case showing that the children from the house had gone into the middle house. I instruct you that this testimony has been stricken from the record, and that you are not to consider it, and that you have no right to conclude that the persons having smallpox in this house caught it on account of being the next house to the one taken by Dr. Mills. You will recall the testimony of Dr. Cote to the effect that those persons caught smallpox from an entirely different source and from a different locality, and that testimony is not contradicted.

"You will also consider that the burden of proof is upon the plaintiff, and he must, by a fair preponderance of the evidence, establish the fact and convince you that he has been damaged, and the extent and amount of such damage.

"Now, gentlemen, you will recollect that there is no evidence of physical injury to the property, and that the measure of damage in this case for your consideration is what the use of a house as a pesthouse was fairly and reasonably worth to the city for the time they occupied and used it as a pesthouse. As to what its use is fairly and justly worth, you are the sole judges, except that the amount cannot be less than six dollars a month, named by Mr. Bodewig to Dr. Mills when he gave him the key, and cannot exceed the amount as testified to by the witnesses, and it may also be any amount between those figures.

"You are not bound by these statements, further than to give them fair consideration as evidence, and to determine what is a fair price for the use made of the property. You are to be the judges of that from all the conditions and circumstances.

"In this case you may also consider that the house is said to be worth about $800, the lot being worth about $300, and that the fair, ordinary rental value is from $6 to $7 per month. Taking that all into consideration, the value of the house itself, and its former and present rental value as bearing upon the other question, and you should

award, not fanciful or exorbitant damages, because the defendant is a city, but the question for you to determine is a fair and just compensation that will make the plaintiff whole up to the time of the commencement of this action, June 26, 1903. You should not consider rent or use after that date, because the plaintiff may have a separate claim for the use of the property thereafter.

"Now, gentlemen, you are directed to find a verdict for the plaintiff, and to fix the amount at such just and reasonable sum as will compensate him for the use made of his property, nothing more and nothing less."

There was a verdict and judgment for $300. Defendant assigns as errors, refusal to direct a verdict for defendant, refusal to charge as requested, and "5. The court erred in directing the jury that the city could be held liable in this action for the conduct of Dr. Mills."

*Joseph Walsh*, City Attorney, for appellant.

*Stevens, Graham & Stevens*, for appellee.

OSTRANDER, J. (*after stating the facts*). The main brief for appellant discusses the single proposition that the city is not liable for the tortious acts of its health officer, and the case of *Nicholson* v. *City of Detroit*, 129 Mich. 246 (56 L. R. A. 601), is cited and relied upon.

The defendant had the power—indeed, it is by the charter made a duty—to provide a pesthouse or hospital. It made use of the premises of the plaintiff for a hospital. Its liability and duty to pay for such use such sum as under the circumstances is reasonable is not denied. This liability is not diminished by the fact that the city obtained possession of the premises by the trick or trespass of an officer or agent of the city. The single question is whether the declaration can be held to support the judgment. The first count of the declaration may be said to be in case, since the damages alleged are consequential. The second count is the common-law count in trespass for a common expulsion. 2 Chitty on Pleading, 865. The third count avers a trespass, with both direct and consequential re-

sulting injury. The case of the plaintiff as pleaded is a case of tortious entry into and wrongful use of real estate, whether we regard the allegations of forcible entry and expulsion or the particular use to which the premises were devoted. It is not a declaration admitting plea or notice of set-off. And the recovery, limited though it was, is not merely for the loss of rents and profits, an element of damages properly recoverable as resulting from the wrongful expulsion of plaintiff from the premises. Such damages would be in no way dependent upon the fact that defendant made use of the premises. The proofs show the rental value of the premises to have been not more than $7 per month. The recovery is at a rate nearly three times as large. It is not claimed that the city of Port Huron directed or authorized the trespass complained of, nor that it ratified the tortious act of the health officer, although it had the benefits of what he did. So that, upon his own theory and practice, and the proofs, plaintiff has recovered a judgment against the city of Port Huron for damages resulting from the claimed and alleged tortious conduct of the health officer of the city. In this view of the case it is within the ruling in *Murray* v. *Village of Grass Lake*, 125 Mich. 2.

The judgment is reversed, with costs, and a new trial granted.

MOORE, C. J., and McALVAY, GRANT, and BLAIR, JJ., concurred.