ALBERTS *v.* CITY OF MUSKEGON

MUNICIPAL CORPORATIONS — TORTS — LIABILITY — NEGLIGENCE OF OFFICERS.

> A city is not liable at common law for the destruction of private property by fire caused by sparks emitted from a steam road roller in use by the city's officers repairing a public street pursuant to a duty imposed upon the city by the general law.

Error to Muskegon; Russell, J. Submitted June 14, 1905. (Docket No. 10.) Reargued October 10, 1906. (Docket No. 2.) Decided October 29, 1906.

Case by Abner Alberts against the city of Muskegon for the negligent burning of plaintiff's barn. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial ordered.

Plaintiff, the owner of a barn on premises abutting upon Clay avenue in the defendant city, sued the city in an action on the case for damages resulting from destruction of the barn and its contents by fire. It is charged in the declaration of the plaintiff that "the said defendant was operating a certain steam roller along Clay avenue in front of and adjoining the premises occupied by the plaintiff's property * * * which said steam roller the said defendant had negligently and carelessly failed to equip with suitable devices for preventing the escape of sparks and fire therefrom and by reason thereof, in its operations on the said street, the said steam roller threw off large quantities of sparks and fire which ignited and set fire to the plaintiff's said barn," etc. It is further charged that the defendant city, in operating a certain steam roller in the said street, "managed and conducted the same carelessly and negligently without taking any precautions to prevent the escape of fire and sparks, * * * and

thereby fire and sparks were emitted from said roller, and set fire to the plaintiff's said property."

The testimony for the plaintiff tended to prove that the defendant city was engaged in repairing the street in question with crushed stone and, in the operation, was using a roller moved and operated by steam, having an upright boiler and a stack, into which steam was exhausted to create a draft; that the fuel used was soft coal; that there was no appliance to prevent the escape of sparks and fire from the stack; that, upon the occasion in question, the wind was blowing from the roller towards the premises of the plaintiff, in front of which the roller was run up and down the street; that fire escaped from the stack, igniting refuse outside the barn, spreading to and consuming the barn and its contents. It does not appear that all of the testimony introduced on the part of the plaintiff is returned. Such of it as is printed tends to prove that, as it was equipped, the roller could not be operated for the purpose for which it was employed without throwing out fire. When the case for the plaintiff was rested, there was a demurrer to the evidence, and a motion to direct a verdict for defendant, which motion was overruled.

On the day after the fire, the engineer in charge of the roller, without direction or authority from defendant, put a spark arrester on the stack. The common council has general supervision and control of the streets of the city and power, if the estimated cost of repairs and improvements exceeds $500, to perform the same by contractors. It also has power in case of such repairs as were being made to cause the same to be done. The council made no determination to do the work in question further than that it should be done by the city's agents and employés. The work itself was under the personal supervision of the street commissioner, who is subject to the direction of the council. He employed the engineer, gave him the roller to use, and directed him when and where to use it.

The jury were instructed, in substance, that the defend-

ant city was bound to exercise the care which an ordinarily careful and prudent person should and would have exercised under the circumstances, both with respect to the equipment and the operation of the roller, failing in which, if it was found that the fire and loss resulted, the city was liable.   Error is assigned upon the refusal of the court to direct a verdict for defendant, and upon a portion of the charge given, which is as follows:

"The city of Muskegon has no more right than any private individual or private corporation to operate on its streets engines or machinery dangerous to adjoining property, without using proper precautions to prevent injury to such property."

*James E. Sullivan*, for appellant.

*William Carpenter*, for appellee.

OSTRANDER, J. (*after stating the facts*).   The position of counsel for appellant is that the duty of the city to keep the streets in repair is a public and not a private duty, in the performance of which, in the absence of a statute creating one, no liability arises for injuries resulting, directly or indirectly, to a citizen from the negligence of agents or servants, or from the use of apparatus employed.

On the other hand, counsel for plaintiff insists that defendant was not acting in a governmental capacity, and, if it was, the act complained about is of a character which no public authority can commit without making restitution for resulting damages.

It is clear that, so far as the repairs upon the street are concerned, the duty to make them is imposed by the general law.   The demand of the plaintiff does not, however, arise out of a failure of the duty to repair the street or the character of the repairs made, nor is the injury complained about one necessarily resulting from a proper and skillful performance of general public duties.   Conceding the duty to repair the street, and conceding the right of the city to make choice—involving discretion—of materials to

be used and means to be employed in performance of the duty, the real question, which it is sought to have answered, arises upon the breach of a further alleged duty not to employ means certain or likely to involve, as a result of their use, and not to so use the means employed as to cause damage to private property.

Plaintiff complains of the invasion of a private right in no way dependent upon the duty imposed on the city to repair the streets; in which respects, it is obvious, the case differs from *City of Detroit* v. *Blackeby*, 21 Mich. 84, and like cases, upon the principle of which defendant mainly relies. In the case cited, the right upon which the plaintiff relied was the right, as one of the public, to use the way. The defendant city was charged with neglect to repair the way and not with active misconduct, nor with the invasion of any right of the plaintiff which was not common to all of the public having occasion to use the way. The doctrine that legislative action is required to create liability to private suit, for neglect to repair public ways, was established by that case, and has since been recognized. The alternative doctrine there pressed upon the court, and which received the indorsement of Mr. Justice COOLEY, was supported by the argument that cities were to be distinguished from towns and counties for the reason that they were not like those quasi municipalities mere political subdivisons of the State, upon which, without their assent, duties were imposed by general laws, but were to be regarded as communities soliciting and obtaining from the legislature special privileges and powers which were attended with corresponding duties, involving the implied undertaking to perform the duties. The doctrine that political divisions of the State having duties imposed upon them by general law without their assent are not liable to respond to individuals in damages for neglect of those duties unless expressly made liable by statute is as well recognized in the minority as in the majority opinion in that case. There are many decisions of this and of other courts which deny the

liability of municipal corporations to suits for injuries to private rights as distinguished from rights which the individual shares with or has as one of the public. Examples are to be found in those cases in which the negligence or other misconduct of officers occasions the injury complained about, and it is found that such officers are not agents or servants of the municipality but are independent public officers performing public duties. See *Murray* v. *Village of Grass Lake*, 125 Mich. 2; *Nicholson* v. *City of Detroit*, 129 Mich. 246 (56 L. R. A. 601); *Whitehead* v. *Board of Education of Detroit*, 139 Mich. 490. It is equally well settled that cities may be liable for positive mischief produced by the active misconduct of the municipality itself. And this independent of the fact, sometimes regarded as controlling, that the city had, or had not, a private or proprietary, as distinguished from a mere public, interest in the doing of the act or in performing the work which occasioned the injury. It was said in *Sheldon* v. *Village of Kalamazoo*, 24 Mich. 383, in reply to the argument that the president and trustees of Kalamazoo acted in the capacity of public officers and not as municipal agents, that:

"The injurious act complained of is not a public grievance, but is a wrong done to a private person. It is not a wrong arising from neglect, but is the direct operation of a willful trespass. * * * The doctrine is entirely untenable that there can be no municipal liability for unlawful acts done by municipal authorities to the prejudice of private parties. In this respect, public corporations are as distinctly legal persons as private corporations. There are officers who are corporation agents, and there are municipal officers whose duties are independent of agency and with distinct liabilities. But when the act done is in law a corporate act, there is no ground upon reason or authority for holding that if there is any legal liability at all arising out of it, the corporation may not be answerable. There is no conflict whatever in the authorities on this head. The only disagreement is concerning corporate responsibility in cases of alleged neglect of duty, and concerning the bounds of what may be termed their legislative discretion, as distinguished from their other action."

So, in *Ferris* v. *Board of Education of Detroit*, 122 Mich. 315, it was held that a school district was liable for injuries resulting from snow and ice falling from a school building upon private property, the building having been so constructed that such precipitation upon plaintiff's premises was inevitable.

The case at bar is not one of damages resulting from a direct trespass or from misfeasance of the city amounting to a trespass. It is a case of consequential injury resulting directly from the negligent conduct of the defendant's agents. In this fact lies the distinction which, in view of former decisions of this court, must be made, and, when made, is controlling. The basis of the liability asserted is negligence. It is the basis, substantially, of all legal liability, in this country, for damages caused by fire. See 1 Street's Foundations of Legal Liability, 56. The case is therefore unlike *Defer* v. *City of Detroit*, 67 Mich. 346; *Rice* v. *City of Flint*, 67 Mich. 401; *Ashley* v. *City of Port Huron*, 35 Mich. 296; and other like cases. In the opinion in the case last cited, after extended reference to adjudicated cases, it is said:

"It is very manifest from this reference to authorities, that they recognize in municipal corporations no exemption from responsibility where the injury an individual has received is a direct injury accomplished by a corporate act which is in the nature of a trespass upon him. The right of an individual to the occupation and enjoyment of his premises is exclusive, and the public authorities have no more liberty to trespass upon it than has a private individual. If the corporation send people with picks and spades to cut a street through it without first acquiring the right of way, it is liable for a tort; but it is no more liable under such circumstances than it is when it pours upon his land a flood of water by a public sewer so constructed that the flooding must be a necessary result. The one is no more unjustifiable, and no more an actionable wrong, than the other. Each is a trespass, and in each instance the city exceeds its lawful jurisdiction."

In the case at bar, it cannot be said that the burning of plaintiff's property was the necessary result of employing

the roller as equipped upon the road. The machine and the agents of the city were properly employed in performing a public work. This employment involved no injury to plaintiff's property. Between the performance of the work and the injury complained of were the alleged facts of improper equipment of the roller; direction and velocity of the prevailing wind; management of the machine. In some respects, the case may be regarded as closely resembling many in which municipal liability has been judicially affirmed. In essentials it belongs to the class of cases where the injury is the result of negligence of municipal agents employed in public work for which the municipality is not at common law liable.

The judgment is reversed, with costs of both courts to defendant. No new trial will be granted.

CARPENTER, C. J., and McALVAY, GRANT, BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.