GARNER *v.* CITY OF HIGHLAND PARK.

REPLEVIN — MUNICIPAL CORPORATIONS — FIRE LIMITS — TENTS — UN-
LAWFUL DETENTION.

> Judgment for plaintiff, custodian of tent and other personal
> property used in connection with religious services, against
> city whose police removed and stored same because it was
> alleged to have violated building code and was erected within
> the fire limits is affirmed by BUSHNELL, SHARPE, POTTER, and
> CHANDLER, JJ., because mere declaration of common council
> establishing fire limits would not authorize the pulling down of
> the tent and FEAD, C. J., and NORTH, WIEST, and BUTZEL, JJ.,
> because answer of defendant city admitted fact of detention
> of goods under circumstances which rendered the detention
> unlawful.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted April 20, 1937. (Docket No. 152, Calendar
No. 38,770.) Decided May 21, 1937.

Replevin by George B. Garner against City of
Highland Park, a municipal corporation. Judgment
for plaintiff. Defendant appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Earl B. Young,* for defendant.

POTTER, J. Plaintiff brought replevin against de-
fendant for certain personal property which he
claimed was unlawfully detained by defendant.
From a judgment for plaintiff, defendant appeals.

Defendant and appellant says 15 questions are involved, to which plaintiff and appellee adds 3 more.

Plaintiff was the custodian of a considerable amount of personal property, including a tent in which religious services were held. He erected it in the city of Highland Park, relying upon verbal permission from the mayor after a permit had been denied at a meeting of the council to erect the same. The chief of police took the tent down and stored it, together with the seats and other personal property used in connection therewith, because it was alleged it violated the building code of the city and was erected within the fire limits. The city retained possession of the personal property taken and plaintiff sued out a writ of replevin under and by virtue of which the greater part of the personal property taken was recovered, but part of which was not recovered. And for such property taken and not recovered on the writ of replevin, judgment was entered.

It was not necessary that plaintiff be the owner of the property. He was the custodian entitled to possession. Replevin is a possessory action. It lies for personal property wrongfully detained. The mere declaration by the common council of the city establishing fire limits would not authorize the pulling down of the tent in question.

"The mere declaration by the city council * * * that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance unless it in fact had that character. It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown

to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities." *Yates* v. *Milwaukee,* 10 Wall. (77 U. S.) 497, 505.

Defendant's principal contention is that in the removal and detention of the property, the city was in the exercise of its municipal or governmental function and, therefore, there can be no liability.

"The legislative authorization exempts only from liability to suits, civil or criminal, at the instance of the State; it does not affect any claim of a private citizen for damages for any special inconvenience or discomfort not experienced by the public at large. * * * Numerous other decisions from the courts of the several States might be cited in support of the position that the grant of powers and privileges to do certain things does not carry with it any immunity for private injuries which may result directly from the exercise of those powers and privileges." *Baltimore & Potomac R. Co.* v. *Fifth Baptist Church,* 108 U. S. 317, 332 (2 Sup. Ct. 719).

"The doctrine is entirely untenable that there can be no municipal liability for unlawful acts done by municipal authorities to the prejudice of private parties. * * * Although not subject like corporations to the jurisdiction of courts, it has always been understood that even States and nations may be held responsible for the wrongs of their authorized agents, and the whole system of public law rests on this assumption. The idea, therefore, that a corporate body has a discretionary power to do wrong and not suffer for it, is not in harmony with any safe principle. * * * There is no case where the actual taking of private property is *damnum absque*

*injuria.*" *Sheldon* v. *Village of Kalamazoo,* 24 Mich. 383.

The other questions raised do not warrant discussion. We find no error in the proceedings of the trial court.

Judgment affirmed, with costs.

BUSHNELL, SHARPE, and CHANDLER, JJ., concurred with POTTER, J.

FEAD, C. J. (*concurring*). I concur in the result because, in its answer, defendant admitted the fact of detention of the goods under circumstances which rendered the detention unlawful.

NORTH, WIEST, and BUTZEL, JJ., concurred with FEAD, C. J.