BOYD v. DETROIT BOARD OF HEALTH.

MANDAMUS—PROPRIETY — DETROIT BOARD OF HEALTH—AUDITING CLAIMS.

·Mandamus is the proper remedy to compel the Detroit board of health to audit a claim for services rendered on request of the board or its officers. Act No. 413, Local Acts 1897.

Certiorari to Wayne; Rohnert, J. Submitted April 4, 1905. (Calendar No. 21,004.) Decided May 22, 1905.

Mandamus by Thomas S. Boyd to compel the board of health of the city of Detroit to audit and approve a claim. There was an order denying the writ, and relator brings certiorari. Reversed.

*O. E. Angstman*, for relator.

*Timothy E. Tarsney* and *P. J. M. Hally*, for respondent.

PER CURIAM. Relator presented a petition to the circuit court for the county of Wayne, praying for a manda-

mus requiring the board of health to audit a claim of relator, and to approve the same, and transmit it to the city controller, according to law. His claim consists of two items. The first item is stated in the first paragraph of the petition as follows:

"That on the 14th day of July, 1898, and previously and subsequently to this date, Dr. Heneage Gibbes was the duly appointed, duly qualified, and acting health officer of the board of health of the city of Detroit, in said county; that as such health officer he was, under and by virtue of the law establishing said board, empowered to appoint and dismiss all subordinates and employés; that in accordance with and in the legal exercise of said powers said Dr. Gibbes did, on or about said 14th day of July, 1898, employ your petitioner to compile and tabulate the mortuary, birth, and contagious disease tables for the annual report for said board for the year ending July 1, 1898, for the agreed compensation of $100."

The second item is set forth in the second paragraph of his petition and is as follows:

"That on or about May 11, 1899, your petitioner was employed by Hon. James H. Pound, who was at that time the president of said board, to act as the secretary of said board, and that your petitioner did act as such secretary and performed the duties of this office from said May 11th until the 23d of said May, and until another and a regular secretary was appointed by said board; that the services as such secretary were performed after the regular working hours of your petitioner; and that, though there was no price agreed upon between your petitioner and said Pound for the performance of said services, your petitioner claims and avers that they are worth the sum of $50, because the salary of the secretary of said board at this time was, as your petitioner is informed and believes, the sum of $1,500 per annum."

In the third paragraph of his petition relator states that he was employed as registrar of said board from August 1, 1898, to August 31, 1899, so that a portion of the services for which compensation is claimed was performed while he was such registrar, but that all of such services were performed after hours, and after the regular duties

of petitioner as registrar had been fully performed. Relator also further avers, in the fourth paragraph, that the president of the said board not only appointed petitioner to act as secretary, but that such appointment was made with the knowledge and concurrence of the other members of the board, so that such appointment was, in law, made by said board. Relator also avers, in the fifth paragraph, that he presented his bill for his services at the sum of $150, accompanied with an affidavit, as required by law, and that the board refused to allow his bill for such services, or any part thereof, but returned it to petitioner marked "Disapproved," and that he has never had any compensation for such services. Relator also avers, in the sixth paragraph, that, according to the law relating to said board, every claim against said board must be duly audited by said board, approved by the president thereof, and properly vouchered by the secretary thereof, be transmitted to the city controller, and by him submitted to the common council of the city with his approval or disapproval, being accompanied by the affidavit above referred to; and that his procedure in the premises therefore was the only procedure authorized by law or open to him. An order to show cause was issued by the circuit judge. Respondent answered the petition, admitting the allegations of fact of the first paragraph, but denying the conclusions of law; denying the allegations of fact in the second paragraph; admitting the allegations of fact in the third paragraph; denying the allegations of fact in the fourth paragraph; admitting the allegations of fact in the fifth paragraph, but denying that the sums mentioned were a reasonable compensation for the work done; and, finally, denying that the relator was without remedy in the premises except by mandamus, and alleging that relator is not entitled to the relief prayed for, because:

"(a) His claim was never presented to the common council of the city of Detroit for audit and allowance as provided by statute. (b) Such portion of such claim as was presented to the common council for audit and allow-

ance is still before that body for its consideration, and that a reasonable time for investigation has not yet expired, as is provided for by statute.   (c) Petitioner herein has a full and adequate remedy at law for the collection of his claim."

Section 3 of the act to establish a board of health for the city of Detroit, as amended in 1897 (Act No. 413, Local Acts 1897), provides that:

" It shall be the duty of the said board, on or before the fifteenth day of February in each year, to file with the city controller an estimate of the amount of money which, in the opinion of said board, will be required for all purposes of expenditures by said board during the next fiscal year, which estimate shall be in detail, specifying the objects of expenditure, the sums desired for each and the reasons for the same, which shall bo laid by the controller before the common council with the annual estimates.   *   *   * On and after July 1st, 1897, all pay rolls, bills, accounts and claims of every character against the board shall, after having been duly audited by the board, approved by the president and certified and properly vouchered by the secretary of the board, be transmitted to the city controller, who shall submit the same to the common council, with his approval or disapproval.   When said pay rolls, bills, · accounts and claims shall have been allowed by the common council, the controller shall draw his warrant (warrants) on the city treasurer therefor:   *Provided*," etc.

The circuit judge denied the prayer and dismissed the petition without stating his reasons therefor, but, judging from the briefs of counsel and the issue and proceedings, the petition was apparently dismissed upon the ground that the procedure was improper.   We think mandamus was the proper remedy.   *Safford* v. *Detroit Board of Health,* 110 Mich. 81 (33 L. R. A. 300); *Webb* v. *Detroit Board of Health,* 116 Mich. 516; *McKillop* v. *Board of Sup'rs of Cheboygan Co.,* 116 Mich. 614. The circuit judge was therefore in error if he dismissed the petition, as we suppose he did, for the reason that mandamus was not the proper remedy, it not being intended to intimate any opinion as to the validity or merits of the claims.

The proceedings are therefore remanded to the circuit court for the county of Wayne with directions to proceed to try and determine the issue presented by the pleadings, and, if necessary, to frame issues to make such hearing effective.